UNITED STATES *v.* HALSEY, STUART & CO., INC.

ET AL.

No. 109. Argued December 11, 1935.—Decided December 23, 1935.

*Mr. Walter Brower,* with whom *Solicitor General Reed, Assistant Attorney General Keenan,* and *Messrs. Lee A. Jackson* and *W. Marvin Smith* were on the brief, for the United States.

*Mr. John W. Davis,* with whom *Mr. Theodore W. Brazeau* was on the brief, for appellees.

PER CURIAM.

Defendants were indicted in the United States District Court for the Eastern District of Wisconsin for violations of § 215 of the Criminal Code, relating to fraudulent use of the mails. 18 U. S. C. 338. Under order of the court the Government filed a bill of particulars. 4 F. Supp. 662. Defendants then moved to quash the indictment. The motion was based upon the indictment, the bill of particulars, and an affidavit of defendants' counsel. The affidavit was an argumentative review of the bill of

particulars for the purpose of showing that in view of its statements the Government would be "unable to make a case." The court granted the motion to quash, and the Government brought this appeal under the Criminal Appeals Act. 18 U. S. C. 682. Defendants' motion to dismiss the appeal was postponed to the hearing on the merits.

The District Judge rendered no opinion, but certified that his "decision and order quashing the indictment herein were not based in any respect upon the invalidity or construction of section 215 of the Criminal Code upon which the indictment in said cause is founded."

We find no basis for the contention that defendants' motion to quash was in substance a "special plea in bar" within the meaning of the Criminal Appeals Act. See *United States v. Storrs,* 272 U. S. 652, 654; *United States v. Murdock,* 284 U. S. 141, 147. The motion and the affidavit in its support challenged the sufficiency of the indictment in the light of the bill of particulars. As it does not appear that the decision of the District Judge was based upon the construction or invalidity of the statute upon which the indictment is founded, and as it may well be that the decision was based upon the construction of the indictment and its insufficiency as a pleading, this Court is without jurisdiction of the appeal. *United States v. Carter,* 231 U. S. 492, 493, 494; *United States v. Moist,* 231 U. S. 701, 702; *United States v. Colgate & Co.,* 250 U. S. 300, 301, 302; *United States v. Hastings, ante,* p. 188.

*Dismissed.*