UNITED STATES *v.* WAYNE PUMP CO. ET AL.

Nos. 81 and 82. Argued November 16, 1942.—Decided December 7, 1942.

*Assistant Attorney General Arnold,* with whom *Solicitor General Fahy* and *Mr. Archibald Cox* were on the brief, for the United States.

*Mr. Edward R. Johnston* for the Wayne Pump Co. et al.; *Mr. James H. Winston* for the Gilbert & Barker Mfg. Co. et al.; and *Mr. Harold F. McGuire* for Veeder-Root, Inc. et al.,—appellees. With them on the briefs for appellees were *Messrs. Charles L. Byron, Howard Somervell, Louis F. Niezer, Ballard Moore, James M. Carlisle, Arthur S. Lytton, John C. Slade, Bryce L. Hamilton, Barry Gilbert,* and *George W. Ott.*

MR. JUSTICE REED delivered the opinion of the Court.

These are companion appeals from orders sustaining demurrers to indictments for violations of the Sherman Act. The indictment in No. 81 charges the defendants, manufacturers of gasoline pumps, a manufacturer of gasoline computing mechanisms and a gasoline pump manufacturing association, and certain of their officers, with conspiracy, extending from 1932 to the date of the indictment, January 31, 1941, to fix the prices of computer pumps in interstate trade and commerce, in violation of § 1 of the Sherman Act. Computer pumps are gasoline pumps embodying a mechanism which calculates, measures, displays and records the quantities and prices of gasoline passing through the pumps to the purchasers. In No. 82 the defendants are the same except that the association and its officer are omitted. This latter indictment varies from the former in that in two counts it charges a conspiracy to monopolize the manufacture and sale of computer pumps and computing mechanisms in violation of § 2 of the Sherman Act.[1]

---

[1] Section 1: "Every contract, combination in the form of trust or otherwise, or conspiracy, in restraint of trade or commerce among

The facts alleged to support the charge in the count for price-fixing and those to support the count for monopolizing are substantially the same. The counts vary only as to the purposes alleged. The same means allegedly are employed to carry out each conspiracy. As similar legal issues arise in each case and as our conclusions upon each count are based upon the same reasoning, it is not necessary to make further differentiations between the counts. One opinion was handed down by the District Court. It sets out the indictments quite fully. *United States* v. *Wayne Pump Co.,* 44 F. Supp. 949.

As our decision does not and cannot in our view consider the correctness of a trial court's judgment that an indictment failed properly to allege the facts establishing a crime (*United States* v. *Sanges,* 144 U. S. 310; *United States* v. *Burroughs,* 289 U. S. 159), we do not set out the allegations of these counts *in extenso.* This has been done in *United States* v. *Wayne Pump Co., supra.* We shall state here, for convenience in getting a focus on the problem only, that the counts of the indictments charged conspiracies among the defendants to fix prices on, and monopolize the interstate trade in, computer pumps and

the several States, or with foreign nations, is hereby declared to be illegal. . . . Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine not exceeding $5,000, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court." 50 Stat. 693, 15 U. S. C. § 1.

Section 2: "Every person who shall monopolize, or attempt to monopolize, or combine or conspire with any other person or persons, to monopolize any part of the trade or commerce among the several States, or with foreign nations, shall be deemed guilty of a misdemeanor, and, on conviction thereof, shall be punished by fine not exceeding five thousand dollars, or by imprisonment not exceeding one year, or by both said punishments, in the discretion of the court." 26 Stat. 209, 15 U. S. C. § 2.

computing mechanisms by a scheme for using patent rights and licenses to manufacture under them.

The defendants demurred to the indictments as insufficient in law to state an offense. It was said in the demurrers that the indictments failed to describe or particularize the offense attempted to be charged with sufficient definiteness, certainty or specificity to inform the defendants of the nature and causes of the accusations or to enable them to plead an acquittal or conviction thereunder in bar of other proceedings.

The trial court sustained the demurrers to each count, from which ruling appeals to this Court were prayed under the Criminal Appeals Act, 34 Stat. 1246. That statute authorizes an appeal to this Court "from a decision or judgment quashing, setting aside, or sustaining a demurrer to, any indictment, or any count thereof, where such decision or judgment is based upon the invalidity, or construction of the statute upon which the indictment is founded." [2] We have no jurisdiction if the judgment below is not so based. *United States* v. *Hastings*, 296 U. S. 188; *United States* v. *Halsey, Stuart & Co.*, 296 U. S. 451; *United States* v. *Borden Co.*, 308 U. S. 188.

In their statement opposing jurisdiction, appellees contended that the demurrers were sustained because of the insufficiency of the indictments as pleadings, as distinguished from a construction of the statute upon which the indictments were based, and therefore questioned our

---

[2] As amended on May 9, 1942, the Act further provides: "An appeal may be taken by and on behalf of the United States from the district courts to a circuit court of appeals or the United States Court of Appeals for the District of Columbia, as the case may be, in all criminal cases, in the following instances, to wit: From a decision or judgment quashing, setting aside, or sustaining a demurrer or plea in abatement to any indictment or information, or any count thereof except where·a direct appeal to the Supreme Court of the United States is provided by this Act." 56 Stat. 271, 18 U. S. C. § 682.

jurisdiction under the Act. We postponed decision of this question to the argument on the merits and we now come to its decision.

There is disagreement between the parties as to whether the District Court sustained the demurrers on the ground of the deficiency of the pleadings as well as upon a construction of the statute. The language of the opinion makes it apparent to us that the District Court's conclusion was at least in part bottomed upon the indefiniteness, uncertainty and lack of specificity of the indictments. In the opinion it is said, 44 F. Supp. 949, 956:

"There is no charge that defendants fixed the prices of gasoline pumps generally, or restricted their manufacture and sale. They are charged only with fixing the prices of computer pumps, a right which the Wayne Pump Company already had under the statutory monopoly granted by the Government when its patent was issued. What is meant by the phrase 'used the Jauch patent' is not quite clear. If the defendants did more than enter into ordinary patent license agreements, under the terms of which the Wayne Pump Company, as owner of the patent, licensed the others to manufacture computer pumps, and fixed the prices at which the pumps should be sold; or if the Government claims that these defendants were involved in some offense under the Sherman Act other than the exercise of a patent monopoly, then such offense should be set out clearly in the indictments."

The court further said, *id.*, 956:

"How they took joint action or entered into joint agreements to use the Jauch patent to achieve the alleged illegal objectives, or how they went outside the monopoly granted to the patentee and its licensees, is nowhere set out in the indictments."

The lower court in *United States* v. *Colgate & Co.*, 253 F. 522, affirmed 250 U. S. 300, had criticized an indictment

because of failure to set out facts against any set of wholesalers or retailers alleged to have acted in combination with the defendant. In this case, commenting upon what is said to be a similar situation, the District Court said, *id.*, 958:

"So in the case at bar, if these conditions exist, the Government should have no difficulty in setting forth at least one specific instance of where defendants determined the resale price at which jobbers might resell computer pumps. If this condition does exist, surely the Government must be in possession of the facts, and they should be set out in the indictments, so as to reasonably inform defendants of the offense with which they are charged."

The opinion added, *id.*, 958:

"The Government in its argument insists that competing patents are here involved, and that a monopoly of competing patents was acquired by some of the defendants in furtherance of the plan to carry out the conspiracy, but the indictments set out no facts whereby to identify these competing patents, nor in what manner nor by whom such monopoly in them was acquired."

Finally the trial court concluded, *id.*, 959:

"It is fundamental that in every indictment the defendant is entitled to be informed with such definiteness and certainty of the accusations against him as will enable him to make his defense, and avail himself of acquittal or conviction in any further prosecution for the same offense. Having in mind that the subject matter of the instant indictments is protected by a patent, I am of the opinion that the defendants here have not been furnished with such definite and particular allegations of fact as will meet this test. The charges are much too general. They do not adequately describe the nature of the alleged unlawful conspiracy agreements or arrangements which defendants are accused of having made, nor show how the defendants

became parties thereto, nor how they collaborated in doing the unlawful things; nor set out any unlawful means whereby the unlawful objectives were accomplished."

Further, the District Court, in our opinion, made it altogether clear that it was not determining solely the limits of a patent monopoly. It pointed out that a patentee might license (*id.*, 954) as it chose, provided only that in so doing it did not violate any other law. The Sherman Act was in mind. The court said, *id.*, 956:

"While ownership of the patent gives to the patentee a complete monopoly within the field of his patent, it of course does not give him any license to violate the provisions of the Sherman Act or of any other law. Under his monopoly he may not use his patent as a pretext for fixing prices on an unpatented article of commerce; nor fix the resale price on his patented article; nor make use of 'tying clauses.'"

The Government, of course, recognizes that the opinion manifests the District Court's view that the indictment failed to allege violations of the Sherman Act with sufficient definiteness and particularity. But the Government urges that such a ruling arose from the District Court's error in holding, on the merits, that the facts set out in the indictment do not charge, as a matter of substance, crimes within the meaning of the Sherman Act. It is the Government's contention that, after making this fundamental ruling, the District Court "then simply went on to say that the indictments are defective as pleadings if they are intended to charge crimes within the Sherman Act as that Act is construed by the court below."

We do not read the District Court's opinion in that way. Where a court interprets a criminal statute so as to exclude certain acts and transactions from its reach, it would of necessity also hold, expressly or impliedly, as the Government suggests, that the indictment, considered

merely as a pleading, was defective. Yet, the essence of the ruling would be based upon a construction of the statute. We accept as correct, for the purposes of this discussion only, the Government's understanding of the opinion as holding that the allegations of the indictment, considered in substance and apart from required specificity, did not allege violations of the Sherman Act. It was a statutory construction such as that just stated which led this Court to accept jurisdiction under the Criminal Appeals Act in *United States* v. *Hastings,* 296 U. S. 188, 195.

In the light of the opinion, however, we conclude that the judgment upholding the demurrer was based also on grounds independent of the construction of the statute involved. The demurrers upon which the ruling below was based show on their face, as appears from the typical example below, that they were aimed not at the coverage of the Sherman Act but at the form of the indictments.[3]

---

[3] The formal parts are omitted:

"1. Said indictment and each count thereof, in violation of the rights guaranteed to said defendants by the Fifth and Sixth Amendments to the Constitution of the United States, fails to describe and particularize the offenses attempted to be charged therein with sufficient definiteness, certainty and specificity to inform them of the nature and cause of the accusation, to enable them to prepare and make their defense thereto, and to enable them to plead an acquittal or a conviction thereunder in bar of any other proceedings against them based on the matters or things, or any of them, on which said indictment is based.

2. The averments of said indictment, and each count thereof, purporting to charge a combination and conspiracy to monopolize the manufacture and sale of computer pumps and a combination and conspiracy to monopolize the manufacture and sale of computing mechanisms are mere conclusions.

3. Said indictment fails to make averments sufficient to identify and describe the supposed combination and conspiracy in each count of said indictment alleged in that it does not allege with particularity any of the following:

(a) The factual basis upon which the United States relies for its charge that said combinations and conspiracies exist or have existed:

This was the objection determined by the court. The excerpts from the opinion quoted above are conclusive, we think, that the District Court rested its ruling on the insufficiency of the pleading as an independent ground.

Since the judgment below was not placed solely upon the invalidity or construction of the statute but had an additional and independent ground, the Criminal Appeals Act does not authorize review. *United States* v. *Hastings,* 296 U. S. 188, 193; *United States* v. *Halsey, Stuart & Co.,* 296 U. S. 451; *United States* v. *Borden Co.,* 308 U. S. 188, 193.[4]  Any contrary holding would be to assume a power of review not bestowed by Congress.[5]  Furthermore, at the time of the entry of the District Court judgment, there was no provision for review of orders sustaining demurrers upon grounds other than those involving the construction of the basic statute.

The Criminal Appeals Act,[6] under which the Government brought these cases here, now contains a provision

---

(b) The manner of formation of the supposed combinations and conspiracies;

(c) The terms of the supposed combinations and conspiracies; or

(d) The manner in and by which it is claimed that said defendants became parties to the supposed combinations or conspiracies.

4. The averments in said indictment and each count thereof with respect to the supposed combinations and conspiracies to monopolize, and the intended means for the accomplishment thereof, are so vague, indefinite, uncertain, and conclusory in character as to fail to apprise said defendants of the manner in which the prosecution claims that they have violated the law pertaining to combination or conspiracy to monopolize the manufacture and sale of the computer pumps or the manufacture and sale of computing mechanisms."

[4] At one time, this Court permitted review under the Criminal Appeals Act of questions of statutory construction even where such questions were not the sole basis of the judgment. *United States* v. *Stevenson,* 215 U. S. 190, 195.  This practice was disapproved.  See *United States* v. *Hastings,* 296 U. S. 188, 194.

[5] *United States* v. *Hastings,* 296 U. S. 188, 192, n. 2.

[6] Act of March 2, 1907, 34 Stat. 1246, 18 U. S. C. § 682.

for a remand to the Circuit Court of Appeals if review by this Court on direct appeal is found to be unauthorized. The Government does not differ with appellees' specific statement that the new provision is inapplicable to this appeal. We do not think that it is applicable. Six weeks after time to appeal had expired [7] the Act was amended.[8] The amendment for the first time permits appeals to the Circuit Courts of Appeals from orders sustaining a demurrer to an indictment in cases not directly appealable to this Court. The time to appeal to all courts remains unchanged. The amendment provides that "if an appeal shall be taken pursuant to this Act to the Supreme Court of the United States which, in the opinion of that Court, should have been taken to a circuit court of appeals . . . the Supreme Court of the United States shall remand the cause to the circuit court of appeals . . . which shall then have jurisdiction to hear and determine the same as if the appeal had been taken to that court in the first instance; . . ." This language directs the remand of a case in which the appeal, at the time it was taken, should have been taken to the Circuit Court of Appeals but was instead erroneously taken to this Court. It is intended to save to the Government the right of appeal which might otherwise be lost by its erroneous view as to the proper appellate tribunal.[9] At the time the instant appeals were

---

[7] The orders appealed from are dated February 24, 1942. The act provides that appeals be taken within thirty days after the judgment is rendered. Petitions for appeal were allowed March 26, 1942, within the thirty day period.

[8] Act of May 9, 1942, 56 Stat. 271.

[9] In describing the effect of the bill, it was said by the House Conference Managers that the act "permits appeals to the circuit courts of appeals of the United States where appeals have improperly been taken directly to the Supreme Court. . . . In other words, it permits of a correction of the appeal in cases where appeal has been taken to the wrong court." H. Rep. No. 2052, 77th Cong., 2d Sess., p. 2; see also H. Rep. No. 45, 77th Cong., 1st Sess., p. 2.

taken, there was no statutory authority for an appeal to the Circuit Court of Appeals and therefore no room for an erroneous choice between appellate courts. Consequently, the proviso has no application. To hold otherwise would be to give a right of appeal where none existed at the time the appeal was taken. While this might be permissible if there were such a legislative intention, the amendment is not retrospective in terms. *Stephens* v. *Cherokee Nation,* 174 U. S. 445, 478; *Freeborn* v. *Smith,* 2 Wall. 160. Nor does it appear that Congress had the instant case in mind in enacting the amendment. *H. Rouw Co.* v. *Crivella,* 310 U. S. 612. We therefore view the right to appeal and the court to which an appeal lies as they existed at the time the appeal was taken. *Gwin* v. *United States,* 184 U. S. 669, 674.

*Dismissed.*

MR. JUSTICE JACKSON took no part in the consideration of these appeals.

MR. JUSTICE DOUGLAS, dissenting:

MR. JUSTICE BLACK, MR. JUSTICE MURPHY and I are of the view that the judgments should be reversed. In our opinion the District Court's rulings that the indictments were defective resulted from interpretations of the Sherman Act and the patent law which are erroneous in light of *United States* v. *Masonite Corporation,* 316 U. S. 265, and related cases.