## UNITED STATES *v.* SWIFT & CO. ET AL.

No. 529. Argued February 11, 12, 1943.—Decided March 15, 1943.

*Mr. Charles H. Weston,* with whom *Solicitor General Fahy, Assistant Attorney General Arnold,* and *Mr. Richard S. Salant* were on the brief, for the United States.

*Mr. Kenneth W. Robinson,* with whom *Messrs. Edgar B. Kixmiller, Robert G. Bosworth, C. C. Dawson, Jr., Charles J. Faulkner, Jr., John R. Coen, W. W. Grant, Morrison Shafroth, Henry W. Toll,* and *Harry S. Silverstein* were on the brief, for appellees.

Per Curiam.

This is a direct appeal under the Criminal Appeals Act, 18 U. S. C. § 682, as amended by the Act of May 9, 1942, 56 Stat. 271, from a judgment of the district court setting aside an indictment under the Sherman Act. By the statute our jurisdiction is restricted to review of a decision or judgment based upon the invalidity or construction of the statute on which the indictment is founded. Included among the defendants are the commission firms which receive and sell fat lambs on the Denver Livestock Exchange, and three packing companies which purchase fat lambs on the Denver market for shipment interstate to their manufacturing plants.

The indictment charges that the defendants agreed among themselves to purchase lambs only on the Exchange, and to abandon the previously prevailing practice of making direct purchases from producers in the country, for interstate shipment, "thereby restraining the channels of distribution within the Denver marketing area through which said fat lambs for eastbound shipment move, and . . . restraining the interstate trade and commerce described in this indictment, in violation of § 1 of the Sherman Act." It also alleges that the agreement or conspiracy among the defendants is "in restraint of the hereinbefore described trade and commerce in fat lambs among the several States of the United States and in violation of § 1" of the Sherman Act.

The district court dismissed the indictment on the ground that the alleged agreement and practices under it are not in any way shown to have affected the price of lambs or the amount of lambs raised or produced, or to have lessened their flow in interstate commerce. While its decision was rested in part upon the construction of the Sherman Act, the court also relied on the insufficiency

of the pleading, in that it failed to allege any injury to or effect upon interstate commerce resulting from the alleged agreement or conspiracy. It said: "the indictment is defective in that it does not go far enough in its charges to bring the agreement within any of the recognized canons of construction of the Sherman Anti-Trust Act, because, as stated before, there is no allegation that the defendants intended to or in any way harmed anyone or affected the price of fat lambs, the amount of them that could be sold, or the places where they could be sold"; and again, "the government has gone beyond the extent and meaning of that law as interpreted by the Supreme Court, for, as stated, there is no allegation that anyone has been injured or the flow of interstate commerce in any way affected." 46 F. Supp. 848, 852.

From this we must take it that the court found that the general allegations with respect to the effect of the alleged agreement on commerce were not sufficiently specific. It thus placed its decision, in part at least, on the inadequacy of the allegations of the indictment, which we have quoted, to charge that the conspiracy or agreement affected commerce within the meaning of the Sherman Act. These we think were rulings upon the sufficiency of the indictment as a matter of pleading, the correctness of which cannot under the statute be reviewed here on direct appeal from the district court. And such an appeal to this Court does not lie when the district court has considered the construction of the statute but has also rested its decision upon the independent ground of a defect in the pleading. *United States* v. *Hastings,* 296 U. S. 188; *United States* v. *Halsey, Stuart & Co.,* 296 U. S. 451; *United States* v. *Borden Co.,* 308 U. S. 188, 193; *United States* v. *Wayne Pump Co.,* 317 U. S. 200, and cases cited.

This practice was recognized and confirmed by the adoption of the amendment of May 9, 1942 to the Crim-

inal Appeals Act. The amendment authorized the Government to appeal to the circuit court of appeals from a decision of the district court sustaining a demurrer to the indictment in any case "except where a direct appeal to the Supreme Court of the United States is provided by this Act," and provided that where an appeal is taken to the Supreme Court "which, in the opinion of that Court, should have been taken to a circuit court of appeals, . . . the Supreme Court . . . shall remand the cause to the circuit court of appeals . . ., which shall then have jurisdiction to hear and determine the same as if the appeal had been taken to that court in the first instance . . ." In urging the passage of this legislation the Attorney General, in his letter to the Speaker of the House of January 10, 1941, pointed out that "It not infrequently happens that a demurrer to an indictment is sustained or a motion in arrest of judgment is allowed on grounds other than the invalidity or construction of the statute upon which the prosecution is based. (*United States* v. *Hastings*, 296 U. S. 188; *United States* v. *Halsey, Stuart & Co.*, 296 U. S. 451.)" He accordingly recommended the proposed amendment as the appropriate means of securing appellate review in cases like those cited—cases which had laid down the principle that a direct appeal to this Court is not authorized when the decision of the district court rests in part on grounds independent of the invalidity or construction of the statute on which the indictment is founded. H. R. Rep. No. 45, 77th Cong., 1st Sess., p. 2; S. Rep. No. 868, 77th Cong., 1st Sess., p. 2.

As we are without jurisdiction to entertain the appeal, we remand the cause, in compliance with the Act of May 9, 1942, to the Circuit Court of Appeals for the Tenth Circuit, which will have authority to pass upon the construction both of the indictment and the statute.

*So ordered.*

Mr. Justice Rutledge took no part in the consideration or decision of this case.

Mr. Justice Black, Mr. Justice Douglas, and Mr. Justice Murphy think that the ruling of the district court was based on a "construction" of the Sherman Act and that this Court therefore has jurisdiction to review the judgment.

Mr. Justice Jackson, concurring:

I agree with the dissenting Justices that the decision of the District Court is "based" upon the construction of the Sherman Act. The District Court has also drawn conclusions from the language of the indictment which can no doubt be said to amount to a construction of the indictment. But I do not think that the court's construction of the indictment constitutes an independent ground of decision such as this Court has held precludes its review on direct appeal.

However, one-half of the membership of the Court as constituted at the time this case was submitted do not agree with this view, which is certainly not free from doubt and is based on inferences from an oral and informal announcement of the District Court. In connection with the difficult problems that come up as a result of a dual appeal, we would be greatly aided if the District Courts in dismissing an indictment would indicate in the order the ground, and, if more than one, would separately state and number them. I am confident that a request from the Government to do so would generally be granted and that to do so would be of assistance to the Government in taking, and to us in passing on, appeals.

If the Court is to dispatch its business as an institution, some accommodation of views is necessary and, where no principle of importance is at stake, there are times when an insistence upon a division is not in the interests of the best administration of justice.

Such a case I consider this to be. To persist in my dissent would result either in affirmance of the judgment by an equally divided Court or in a reargument. There is difference of opinion as to whether, if we have jurisdiction, we may proceed beyond the construction of the Act and review opinions about the indictment which the lower court expressed but did not rely upon as an independent ground of decision. On that question I reserve opinion.

If, upon reargument in this Court, it should be decided that our review is limited to the correctness of the District Court's construction of the Act, and that it erred in this respect, the views which the District Court has expressed as to the sufficiency of the allegations of the indictment would be likely to embarrass the trial court in passing on offers of proof, admissibility of evidence, motions going to the sufficiency of the evidence, and other questions. It is not unlikely that the trial court would regard the statements of the District Court about this indictment as "the law of the case."

However the case may be disposed of, reargument seems to be in order, and I believe that the practical advantages favor rearguing it before the Circuit Court of Appeals, where there is no doubt that all of the questions can be decided.

Under these circumstances, to persist in my dissent would seem a captious insistence upon my reading of a District Court's informal opinion as to which there is reasonable ground for difference. I should not desire to appear committed to this case as a precedent. I concur in the result only because it seems the most sensible way out of our impasse in the immediate case.