**UNITED STATES v. PEPPER BROS.**

No. 8602.

Circuit Court of Appeals, Third Circuit.

Argued April 18, 1944.

Decided May 3, 1944.

---

[1] Hart v. Pearce, 98 Fla. 1087, 125 So. 243; Livingston v. Malever, 103 Fla. 200, 137 So. 113.

Stewart Lynch, of Wilmington, Del. (Tom C. Clark, Asst. Atty. Gen., Walker Smith, Sp. Asst. to the Atty. Gen., and Thomas I. Emerson, Deputy Administrator for Enforcement, and Samuel Mermin and Harry L. Shniderman, Attys., Office of Price Administration, all of Washington, D. C., on the brief), for appellant.

Alfred C. McKenzie, Brooklyn, N. Y. (Milton E. Sahn, of New York City, on the brief), for appellee.

Before MARIS, GOODRICH, and McLAUGHLIN, Circuit Judges.

MARIS, Circuit Judge.

This is an appeal by the United States from an order of the District Court for the District of Delaware granting the defendant's motion to quash the fifth and sixth counts of a criminal information which charged the defendant with violation of Revised Maximum Price Regulation 269 issued under Section 2 of the Emergency Price Control Act of 1942, 50 U.S.C.A. Appendix, § 902.

Revised Maximum Price Regulation 269 (7 F.R. 10708) fixed maximum prices for poultry and prohibited any person from selling or delivering and any person in the course of trade from buying or receiving poultry at prices higher than the maximum prices thus fixed. By Amendment No. 6 effective March 20, 1943, (8 F.R. 3316), the Regulation was modified by the adoption for pricing purposes for both dressed and live poultry of tentative standards for classes and grades promulgated by the Department of Agriculture. As amended the Regulation prescribed maximum prices for the different classes and weights of Grade A live poultry and established a basis for determining maximum prices for Grade B and Grade C. Section 4(a) of the Act, 50 U.S.C.A. Appendix, § 904(a), makes it unlawful for any person to sell or deliver or in the course of trade or business to buy or receive any commodity in violation of any regulation under Section 2, and Section 205(b) makes the willful violation of Section 4(a), 50 U.S.C.A. Appendix, §§ 902,

925(b) and 904(a), a misdemeanor punishable by fine or imprisonment or both.

The fifth and sixth counts of the information in the present case charged the defendant with purchasing on or about July 28, 1943 from one John Isaac a total of 15,641 pounds of live broilers, fryers and light roasters, 80% thereof being of Grade B and 20% thereof being of Grade C, at prices in excess of the maximum prices permitted by Revised Maximum Price Regulation 269 to be paid for poultry items of those classes and grades.

■ The district court quashed these counts of the information upon the ground that subsection (j) of Section 2 of the Act, as added by Section 5(a) of the Joint Resolution of July 16, 1943, 57 Stat. 566, repealed the provisions of Maximum Price Regulation 269 for standards and grades of poultry and maximum prices based thereon. 53 F.Supp. 163. Preliminarily we note that if this construction of the Act had been the sole ground for the court's action the present appeal would, under the Criminal Appeals Act, 18 U.S.C.A. § 682, have had to have been taken directly to the Supreme Court. However, in a supplemental opinion denying the Government's motion for reargument the court stated that its action was also based upon the independent ground that the counts were defective for failure to set out sufficient averments. 53 F.Supp. 166. In view of the existence of these grounds for the court's action apart from its construction of the statute the appeal was properly taken to this court. United States v. Wayne Pump Co., 1942, 317 U.S. 200, 63 S.Ct. 191, 87 L.Ed. 184. Under the circumstances we have authority to review the district court's construction of the statute as well as its ruling as to the insufficiency of the information. United States v. Swift & Co., 1943, 318 U.S. 442, 63 S.Ct. 684, 87 L.Ed. 889.

We accordingly turn to the consideration of the questions raised by the appeal. The principal question is whether the provisions of the Regulation for maximum prices by grades which the defendant is charged with having violated had been repealed by Congressional action subsequent to their adoption and were, therefore, not in force at the time of the purchases in question. The defendant relies upon subsection (j), known as the Taft amendment, which was added to Section 2 of the Emergency Price Control Act by the Joint Resolution of July 16, 1943, 57 Stat. 566, and which provides:

"(j) Nothing in this Act shall be construed (1) as authorizing the elimination or any restriction of the use of trade and brand names; (2) as authorizing the Administrator to require the grade labeling of any commodity; (3) as authorizing the Administrator to standardize any commodity, unless the Administrator shall determine, with respect to such standardization, that no practicable alternative exists for securing effective price control with respect to such commodity; or (4) as authorizing any order of the Administrator fixing maximum prices for different kinds, classes, or types of a commodity which are described in terms of specifications or standards, unless such specifications or standards were, prior to such order, in general use in the trade or industry affected, or have previously been promulgated and their use lawfully required by another Government agency."

The defendant's contention is that the enactment of subsection (j) repealed and rendered void those provisions of the Regulation which imposed standardization and maximum prices of poultry by grades and that consequently there was no ban upon the defendant's purchase on July 28, 1943 of poultry at prices higher than those maximum prices. The Government denies that subsection (j) operated as such a repealer and asserts that the question whether it rendered void the provisions in controversy involves the continued validity of the Regulation, a question which the district court had no power to consider, since jurisdiction to determine the validity of price regulations is conferred exclusively upon the Emergency Court of Appeals and the Supreme Court, and is expressly withdrawn from all other courts, federal, state or territorial, by Section 204(d) of the Emergency Price Control Act, 50 U.S.C.A. Appendix, § 924(d).

■ In granting the motion to quash the two counts the district court in its original opinion held that the provisions of the Regulation upon which the counts were based had been repealed by subsection (j). The court stated that in so holding it did not consider that it was passing upon the validity of the Regulation. If the effect of the enactment of subsection (j) was to repeal outright all standardization and

grade pricing provisions contained in regulations in force at the date of its enactment the action of the district court was right and must be sustained. For to hold that a piece of legislation, whether a statute or a regulation, has been repealed by a subsequent Act of Congress is not to pass upon its validity but merely upon its continued existence.

■ Did subsection (j) repeal these provisions of the Regulation? Certainly the subsection does not in express terms purport to repeal any provisions of existing regulations or orders of the Administrator which were valid when they were issued. Moreover repeal by implication will not be assumed "unless no other reasonable construction can be applied." United States v. Jackson, 1938, 302 U.S. 628, 631, 58 S.Ct. 390, 392, 82 L.Ed. 488. Furthermore such a construction of the subsection would fly in the face of the clear intention of the Emergency Price Control Act to provide continuity of price control. See Yakus v. United States, 64 S.Ct. 660. Nothing in the legislative history of subsection (j) supports the view that it was intended to operate as a repealer. The subsection uses the language "Nothing in this Act shall be construed * * * as authorizing * * *" provisions of the character described except under stipulated circumstances. Substantially the same language was used in the original Act in Section 302(c), 50 U.S. C.A. Appendix, § 942(c). It is there directed toward restricting the authority of the Price Administrator to incorporate certain provisions in regulations promulgated by him. We think that a similar construction should be placed upon the same phraseology when used in subsection (j). United States v. Cooper Corp., 1941, 312 U.S. 600, 606, 607, 61 S.Ct. 742, 85 L.Ed. 1071; Lewellyn v. Harbison, 3 Cir., 1929, 31 F.2d 740, certiorari denied 280 U.S. 560, 50 S.Ct. 18, 74 L.Ed. 615. We conclude that subsection (j) did not repeal any of the provisions of Maximum Price Regulation 269.

■ Under the terms of subsection (j) provisions for standards and grades are not to be included in a regulation unless certain basic facts are present. They must be necessary for securing effective price control or they must have previously been in general use or required by another Government agency. The subsection thus does grant power to the Administrator to issue regulations incorporating standardization and grading provisions in those situations in which the supporting facts described in the subsection exist. Assuming, without deciding, that the subsection was intended to apply to a regulation validly issued before its enactment to the extent of invalidating standardization and grading provisions if the basic facts stipulated by the subsection are not present, it will be seen that a question as to the continued validity of the regulation is presented which can only be determined upon consideration of the underlying facts. The question thus presented is clearly a question of the validity of the regulation, the exclusive jurisdiction to determine which is given to the Emergency Court of Appeals and the Supreme Court by Section 204(d) of the Act and which was, therefore, not within the legal competence of the district court to consider. Yakus v. United States, 64 S.Ct. 660.

The question whether a regulation is invalid under subsection (j) is similar in nature to many other questions of validity which may arise under the Act. Thus the question may arise as to whether a regulation operates "to compel changes in the business practices, cost practices or methods, or means or aids to distribution, established in any industry, except to prevent circumvention or evasion of any regulation," in violation of the express prohibition of Section 2(h). Likewise the question may arise as to whether a regulation is invalid because it regulates "compensation paid by an employer to any of his employees," or "rates charged by any common carrier or other public utility," or "rates charged by any person engaged in the business of selling or underwriting insurance," or "rates charged by any person engaged in the business of operating or publishing a newspaper, periodical, or magazine, or operating a radio-broadcasting station, a motion-picture or other theater enterprise, or outdoor advertising facilities," or "rates charged for any professional services," in violation of Section 302(c) of the Act which declares that "nothing in this Act shall be construed to authorize the regulation of" such rates. But such questions are clearly within the jurisdiction of the Emergency Court of Appeals. See Davies Warehouse Co. v. Bowles, 321 U.S. 144, 64 S.Ct. 474.

■ There remains for us to consider the question whether the district court

erred in holding the information defective as a pleading. The defendant had, and may well still have,[1] the right to attack the validity of the Regulation in the light of the mandate of subsection (j) by protest to the Administrator under Section 203(a) and complaint to the Emergency Court of Appeals under Section 204(a), 50 U.S.C.A. Appendix, §§ 923(a), 924(a). The district court, however, must accept the Regulation as valid unless and until it is set aside by the Emergency Court of Appeals or by the Supreme Court upon review. Consequently the information did not have to set out the basic facts which support the validity of the Regulation and which might have to be shown in defense of the validity of the Regulation if it should be challenged in the proper forum. Moreover it is clear that even if the question of the existence of these supporting facts were open as a defense in the district court the Government was not required to anticipate or negative the defense by averring their existence in the information. Evans v. United States, 1894, 153 U.S. 584, 590, 14 S.Ct. 934, 38 L.Ed. 830. Consequently in holding that the information was defective for its failure to aver these basic facts the district court erred.

The order of the district court is reversed and the cause is remanded with directions to reinstate the fifth and sixth counts of the information.

---

[1] See R. E. Schanzer, Inc. v. Bowles, Em.App.1944, 141 F.2d 262.