## UNITED STATES v. HALLAMS.

### No. 1060.

Municipal Court of Appeals for the District of Columbia.

Argued June 4, 1951.

Decided June 22, 1951.

Bruce G. Sundlun, Asst. U. S. Atty., Washington, D. C., with whom George Morris Fay, U. S. Atty. and Joseph M. Howard, Asst. U. S. Atty., Washington, D. C., were on the brief, for appellant.

De Long Harris, Washington, D. C., with whom Charles H. Garlock, Washington, D. C., was on the brief, for appellee.

Before CAYTON, Chief Judge, and HOOD and CLAGETT, Associate Judges.

HOOD, Associate Judge.

An information was filed against appellee charging that on a named street in the District of Columbia he did invite, entice, etc., a named adult person to accompany him, go with him, etc., "for a lewd and/or immoral purpose to another place."[1] Appellee was arraigned and pleaded not guilty. Prosecution and defense both announced ready for trial and trial was commenced before the court without a jury. After the first Government witness was sworn, but before he began his testimony, defense counsel made an oral motion "to dismiss the information on the ground that it does not constitute a crime" and on another ground which he was stating when interrupted by the judge who said: "At this point the court does not know what the facts are. I do not think we can raise that point right now." There followed a discussion off the record between counsel and the court and apparently there was no ruling on the motion. The witness and another Government witness, both members of the police vice squad, then testified and were cross-examined.

The substance of the witnesses' testimony was that they were walking along the sidewalk and appellee, who was sitting with a woman on the front seat of a parked automobile, called them over and asked if they were "looking for some women"; that when the witnesses replied in the affirmative appellee invited them into the rear of the car and there followed a discussion about how much money the witnesses were willing to spend, and after the price was agreed upon, appellee, pointing to the woman sitting next to him, said: "This is the girl"; that when the witnesses asked where they would go, appellee said he would get the man who owned the car and they would be taken "to a spot where we can park"; that appellee went across the street and came back with another man who, at appellee's directions, drove the car into an alley and parked it; and that when the car was parked and the motor cut off the witnesses arrested appellee.

When the Government closed its case, defense counsel stated: "At this time I will repeat the motion." He did not restate his motion but proceeded into his argument, concluding it by saying: "I am asking Your Honor to dismiss the case, first, because the information did not charge a crime; secondly, that the crime is not established, that the Government has not established a crime against this defendant."

After argument by Government counsel the court announced that it would grant

1. The information was brought under Code 1940, Supp. VII, 22–2701 which, in part, provides: "It shall not be lawful for any person to invite, entice, persuade, or to address for the purpose of inviting, enticing, or persuading any person or persons sixteen years of age or over, in or upon any avenue, street, road, highway, open space, alley, public square, enclosure, public building or other public place, store, shop, or reservation or at any public gathering or assembly in the District of Columbia, to accompany, go with, or follow him or her to his or her residence, or to any other house or building, enclosure, or other place, for the purpose of prostitution, or any other immoral or lewd purpose, under a penalty of not more than $100 or imprisonment for not more than ninety days, or both."

the motion, stating that in the opinion of the court the Code section involved does not apply "where a male agrees to get a female for another male," that it would apply where a male solicits another male for an act of perversion between the two, but that it has no application to a third person soliciting or arranging for an act between two others.

Appellee was discharged and the following entry made of record: "Judgment Not Guilty Defendant Discharged." The Government noted an appeal and thereafter, at the request of the Government and without notice to appellee, the following entry was made: "Disposition of the case is amended to read dismissed rather than judg. not guilty. Defendant discharged."

Appellee has moved to dismiss the appeal on the ground that the Government has no right of appeal in a criminal case where trial has resulted in a judgment of not guilty. The Government concedes the correctness of this statement but takes the position that it is appealing from an order dismissing the information for failure to charge a crime.

▮▮▮ Despite the use of some loose language in the proceedings, we think it is clear from the reporter's transcript that there was a trial and a ruling by the court that the Government's evidence failed to sustain the offense charged.[2] The court did not indicate that it held the information defective or insufficient. At the close of the Government's case the court ruled that the evidence—not the information—was insufficient, in other words, that the Government had failed to prove its case. It may be that impliedly the court held the information defective,[3] but the fact remains that on the Government's evidence the court ruled that no crime had been proved against appellee.

On such a ruling appellee was entitled to a judgment of acquittal and the Government has no right of appeal. See United States v. Martin, D.C.Mun.App., 81 A.2d 651.

Appeal dismissed.

---

2. "We must be guided in determining the question of appealability of the trial court's action not by the name the court gave it but by what in legal effect it actually was." United States v. Waters, 84 U.S.App.D.C. 127, 128, 175 F.2d 340, 341; appeal from the District Court dismissed on motion of counsel for appellant, 335 U.S. 869, 69 S.Ct. 168, 93 L.Ed. 413.

3. "Where a court interprets a criminal statute so as to exclude certain acts and transactions from its reach, it would of necessity also hold expressly or impliedly, as the government suggests, that the indictment considered merely as a pleading was defective." United States v. Wayne Pump Co., 317 U.S. 200, 206–207, 63 S.Ct. 191, 195, 87 L.Ed. 184.