## UNITED STATES v. HOOD et al.
### No. 14086.

United States Court of Appeals
Fifth Circuit.

Jan. 6, 1953.

Rehearing Denied Feb. 4, 1953.

Ben Brooks Sp. Asst. to Atty. Gen., Washington, D. C., Joseph E. Brown, U. S. Atty., Jackson, Miss., for appellant.

R. W. Thompson, Jr., Gulfport, Miss., William Saunders Henley, Hazlehurst, Miss., Albert Sidney Johnston, Jr., Biloxi, Miss., J. Ed Franklin, Jackson, Miss., Bid-

well Adam, Gulfport, Miss., Ben F. Cameron, Meridian, Miss., W. W. Dent, Collins, Miss., Allen T. Edwards and Will S. Wells, Jackson, Miss., for appellees.

Before HUTCHESON, Chief Judge, and BORAH and RIVES, Circuit Judges.

RIVES, Circuit Judge.

This appeal by the United States is from a judgment sustaining the motion to dismiss as to Count 1 of the indictment with an opinion holding that the count was duplicitous and contained prejudicial matter. The indictment contained thirty-four counts, the remaining counts being against certain, but not all, of the defendants and charging commission of substantive offenses under 18 U.S.C.A. § 215.[1] Count 1 was under the general conspiracy statute, 18 U.S.C.A. § 371, charging that twelve named defendants conspired to violate Section 215, Title 18, United States Code. The parts of the count necessary for consideration on this appeal are here quoted:

"the defendants, did unlawfully, wilfully and knowingly conspire, combine, confederate, and agree together and with each other, and with some one or more of the following persons: * * herein named as co-conspirators, but not indicted, and with divers other persons, to commit certain offenses against the United States, to wit, to violate Section 215, Title 18, United States Code, that is to say: * * * the said defendants, at the place and throughout the time aforesaid, unlawfully, wilfully and knowingly conspired, combined, confederated and agreed that they and each of them would solicit and receive from numerous persons, and cause to be solicited and received from said persons, various sums of money as political contributions to the Mississippi Democratic Committee, and for the personal emolument of the defendants, in consideration of the

promise of recommendations, and the promise of support and use of influence on the part of said defendants and the Mississippi Democratic Committee in obtaining for said persons certain appointive offices and places under the government of the United States, to wit: the offices and places of postmaster, rural mail carrier, including transfers to and from said offices and places, and offices and places with and under the Office of Price Stabilization such as Chairmen and Supervisors of County Ration Boards, all of said offices and places being located, and to be located, in various cities and towns throughout the State of Mississippi; the names of some of said persons, together with the amounts solicited and contributed, and the appointments sought and promised being as follows:

| Name | Solicited | Contributed | Appointment |
|------|-----------|-------------|-------------|
| **** | **** | **** | **** |
| **** | **** | **** | **** |
| **** | **** | **** | **** |
| **** | **** | **** | **** |

and others which by reason of their great number are not listed herein, and

"It was further a part of said conspiracy that the defendants, in soliciting and receiving contributions from said persons in the manner and under the circumstances aforesaid, would make and cause to be made additional representations, promises and pretenses to said persons, to the effect that the said contributions would be used by the Mississippi Democratic Committee in furtherance of and in rebuilding the Democratic Party throughout the State of Mississippi; and

"It was further a part of said conspiracy that the defendants would, in soliciting and receiving contributions from persons who were applicants for said offices and places, make the additional representations and pretenses

1. The District Court also sustained the motion to dismiss as to Counts 31, 32 and 33 covering the sale of prospective offices, County Ration Board chairmanships, on the ground that the statute, 18 U.S.C.A. § 215, should be construed to apply only to presently existing appointive offices. That order of dismissal was appealed by the Government direct to the United States Supreme Court under the Criminal Appeals Act, 18 U.S.C.A. § 3731, and was reversed, 343 U.S. 148, 72 S.Ct. 568.

that the Mississippi Democratic Committee was in need of funds to meet office expenses; would require of said persons that certain large contributions be made in cash, and would refuse to give receipts therefor; and would use the name and office of the Mississippi Democratic Committee as a means, method and instrument by and through which to obtain large sums in contributions for their own use and benefit.

"It was further a part of said conspiracy that the said defendants would fail to maintain books and records reflecting the amount of contributions and money received and disbursed by the Mississippi Democratic Committee, and the names of and amounts contributed by those who were applicants for appointment to the offices and places aforesaid; and

"It was further a part of said conspiracy that the defendants would fail to report or disclose to the Mississippi Democratic Committee the amount of money received from the persons solicited as aforesaid and the true purposes for which such money was being used.

"It was further a part of said conspiracy that the defendants would recommend, and cause to be recommended for appointment to the said offices and places, numerous persons without regard to their grade or standing on the Civil Service Eligible List, and and would make, promise, and cause such recommendations for appointments to be made solely on the basis of whether said persons contributed or promised to contribute various amounts of money to the Mississippi Democratic Committee.

"And in furtherance of said conspiracy and to effect the objects and purposes thereof, the defendants did commit, among others, the following overt acts: * * *".

The overt acts, 49 in number, are here set out.

The opinion of the District Court covered all of the points raised by the several motions of the defendants, disposing adversely of their contention that the statute was unconstitutional; but in considering the motions as they related to the first, or conspiracy, count of the indictment, the Court held that Section 215 of Title 18 set out four separate and distinct offenses and that it would be impossible for the defendants to know whether they were charged, "* * * with conspiracy to solicit and receive money for their personal benefit, for political purposes, or for both. This they are entitled clearly to know, and in my judgment this count of the indictment is fatally defective."

The Court further held in its opinion that the first part of the indictment, or the charging part, contained every necessary allegation to state a good case with the exception of the one defect mentioned above and that the further averments or allegations of the indictment were prejudicial and would create a grave feeling of hostility toward the defendants in the minds of the petit jury because of the many offenses with which they were charged which were not any part of, or necessary to, the charging part of the conspiracy.

■ "A count in an indictment is not double, because it charges several related acts, all of which enter into and constitute a single offense, though such acts may in themselves constitute distinct offenses." Rowan v. United States, 5 Cir., 281 F. 137, 139. In a prosecution for conspiracy, the indictment does not become duplicitous because the conspiracy is alleged to embrace more than one substantive offense. Bailey v. United States, 5 Cir., 5 F.2d 437, 438; Blum v. United States, 6 Cir., 46 F.2d 850, 851; Millard v. United States, 5 Cir., 148 F.2d 154, 156. "If there be but one conspiracy, it makes no difference how many criminal acts it contemplates." Outlaw v. United States, 5 Cir., 81 F.2d 805, 806.

"We have had recent occasion to consider this issue of whether the indictment charged one general or several separate conspiracies, and have there pointed out that where a common thread runs through all of the actions and a common purpose animates all

of the conspirators, the fact that many persons come into, and many acts are embraced in, the conspiracy does not make the charge duplicitous by charging many instead of one conspiracy." United States v. New York Great A. & Pacific Tea Co., 5 Cir., 137 F.2d 459, 463.

■ Count 1 of the indictment charges one general conspiracy on the part of all twelve defendants to sell their support and influence in obtaining appointments to offices or places under the United States. True it alleges that the defendants conspired that they would both solicit and receive from numerous persons various sums of money, but solicitation without receipt would be fruitless. It alleges also that the solicitation and receipt of the money would be both as political contributions and also for the personal emolument of the defendants. Several of the paragraphs of the indictment alleged to be prejudicial and surplusage charge that it was a part of the conspiracy to pretend that the contributions would be used by the Mississippi Democratic Committee and that the Committee was in need of funds to meet office expenses, and then to fail to maintain books and records maintaining the amount of contributions and money received by said Committee and to fail to report to the Mississippi Democratic Committee the amount of money received. Such averments go to show that there was no necessary repugnancy between soliciting and receiving money as political contributions and doing so for the personal emolument of the defendants. The evil, the criminal wrong, in either instance, is that such solicitation or receipt must be "in consideration of the promise of support or use of influence in obtaining for any person any appointive office or place under the United States". 18 U.S.C.A. § 215. Thus "a common thread runs through all of the actions and a com-

mon purpose animates all of the conspirators". 137 F.2d 463.

■ One paragraph of the indictment, that which charges that the promises of support and influence were without regard to the standing of the applicants on the Civil Service List, apparently adds nothing to the offense charged and may be unnecessarily prejudicial. The qualifications of the applicant, or lack thereof, do not enter into the offense. If, however, such averments be considered surplusage and prejudicial, the appropriate remedy is not by motion to dismiss the entire count, but by motion to strike the surplusage. Rule 7(d) Federal Rules of Criminal Procedure, 18 U.S.C.A.

■ The appellees urge upon this Court that in the event it should conclude that the decision of the district court is not sustainable on the grounds assigned in its opinion, that then this Court should consider and pass upon the constitutionality of the statute, 18 U.S.C.A. § 215. The district court decided that the statute was constitutional; if it had held otherwise, the question could have been presented on direct appeal to the Supreme Court of the United States under the Criminal Appeals Act, 18 U.S.C.A. § 3731. In that event the consideration of the Supreme Court would have been limited to the construction and validity of the statute.[2] The Criminal Appeals Act further provides that where a direct appeal to the Supreme Court is not provided from a decision or judgment dismissing any count of an indictment, an appeal may be taken by the United States to a court of appeals. But for that statute, the jurisdiction of this court would be limited to an appeal from the final judgment. 28 U.S.C.A. § 1291. We should refrain from passing on the constitutionality of the statute in advance of the necessity to do so, and we think that question can best await

2. United States v. Petrillo, 332 U.S. 1, 67 S.Ct. 1538, 91 L.Ed. 1877; United States v. Wayne Pump Co., 317 U.S. 200, 63 S.Ct. 191, 87 L.Ed. 184; United States v. Gilliland, 312 U.S. 86, 61 S.Ct. 518, 85 L.Ed. 598; United States v. Darby, 312 U.S. 100, 657, 61 S.Ct. 451, 85 L. Ed. 609; United States v. Borden Co., 308 U.S. 188, 60 S.Ct. 182, 84 L.Ed. 181; United States v. Hastings, 296 U.S. 188, 56 S.Ct. 218, 80 L.Ed. 148.

the refinement of the issues by the proof and the final judgment.[3]

We think that the district court erred in sustaining the motion to dismiss Count 1 of the indictment on the grounds stated in its opinion, and the judgment is therefore

Reversed.

3. See United States v. Petrillo, 332 U.S. 1, 6, 10, 67 S.Ct. 1538, 91 L.Ed. 1877.