**UNITED STATES of America,**
**Plaintiff-Appellant,**

v.

**Sam GARFOLI, also known as Sam Garafolo, Defendant-Appellee.**

**No. 14159.**

United States Court of Appeals
Seventh Circuit.

Nov. 22, 1963.

Rehearing Denied Dec. 23, 1963.

Frank E. McDonald, U. S. Atty., John Powers Crowley, Chicago, Ill., James P. O'Brien, U. S. Atty. (John Peter Lulinski, Asst. U. S. Atty., of counsel), for appellant.

Julius Lucius Echeles, Chicago, Ill., for appellee.

Before DUFFY, SCHNACKENBERG and SWYGERT, Circuit Judges.

DUFFY, Circuit Judge.

The grand jury returned a 12-count indictment. In Counts 1 through 4, the indictment charged defendant, August DiCaro, with substantive violations of Title 26 U.S.C. § 4705(a) and Title 21 U.S.C. § 174. In Counts 5 through 11, the indictment charged DiCaro and Joseph Marassa with substantive violations of the same statutes.

Count 12 charged that from about June 1, 1962 and up to and including November 28, 1962, at Chicago, Illinois, August DiCaro, Joseph Marassa and Sam Garfoli, a/k/a Sam Garafolo, did unlawfully and knowingly conspire to receive, conceal, buy, sell and facilitate the transportation and concealment of quantities of unlawfully imported heroin, a narcotic drug, knowing the said heroin to have been imported into the United States contrary to law.

The indictment alleged seven overt acts committed in furtherance of the conspiracy, but none of which named the defendant Sam Garfoli.

Defendant Garfoli filed a motion to dismiss the indictment. The District Judge granted the motion. It is apparent the District Court dismissed the indictment for two independent reasons—1) the indictment failed to charge the crime of conspiracy as defined in Title 21 § 174, as against Garfoli because it did not allege any overt act in which Garfoli was involved, and 2) that the indictment was defective as a matter of pleading because it does not set forth with sufficient clarity, Garfoli's role in the alleged conspiracy. The United States appeals to this Court pursuant to Title 18 U.S.C. § 3731.

Although the indictment was dismissed on the basis of a construction of the statute as well as on the alleged deficiency of pleading, this Court has jurisdiction of the appeal. United States v. Swift & Company, 318 U.S. 442, 63 S.Ct. 684, 87 L.Ed. 889; United States v. Wayne Pump Co., 317 U.S. 200, 63 S.Ct. 191, 87 L.Ed. 184.

The defendants were charged in Count 12 with a conspiracy which is defined as a crime by Section 174 of Title 21. It should be emphasized it did not charge a violation of Title 18 § 371. By the express terms of 18 U.S.C. § 371, an overt act must be both alleged and proved.

Title 21 U.S.C. § 174 describes certain substantive offenses and provides that one who conspires to commit any of those substantive offenses shall be guilty of violation of the statute. There is no requirement in Section 174 of Title 21 that an overt act be alleged or proved.

In Nash v. United States, 229 U.S. 373, 378, 33 S.Ct. 780, 782, 57 L.Ed. 1232, the Court said: "Coming next to the objection that no overt act is laid, the answer

is that the Sherman Act punishes the conspiracies at which it is aimed on the common law footing—that is to say, it does not make the doing of any act other than the act of conspiring a condition of liability."

It is well established that at common law, an overt act need not be alleged or proven. Bannon and Mulkey v. United States, 156 U.S. 464, 468, 15 S.Ct. 467, 39 L.Ed. 494; Singer v. United States, 323 U.S. 338, 340, 65 S.Ct. 282, 89 L.Ed. 285.

We hold the indictment herein was sufficient to charge a crime under Title 21 § 174, and that the trial court was in error in its view that an overt act naming defendant Garfoli, was necessary.

Furthermore, we do not think the second reason given by the learned trial judge for dismissal, is valid. Rule 7(c), Federal Rules of Criminal Procedure, provides that "The indictment * * * shall be a plain, concise and definite written statement of the essential facts constituting the offense charged." We therefore examine the indictment to ascertain whether it was written in such a manner as to apprise Garfoli of the nature of the offense charged, and in such a manner as to protect him from subsequent prosecution for the same offense. Wong Tai v. United States, 273 U.S. 77, 80, 47 S.Ct. 300, 71 L.Ed. 545.

The indictment is phrased in the words of the statute. It is not vague. The defendant Garfoli did not seek a bill of particulars. Count 12 charging Garfoli with conspiracy and violation of Section 174 satisfies the standards of sufficiency. The time and place of the agreement are set forth. It must be held that Garfoli was fully apprised of the nature of the offense charged against him. There would seem to be no danger of a violation of the principles of double jeopardy. We hold the indictment is sufficient as a matter of law.

Reversed and remanded for further proceedings.