**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Daniel Edward FIX, Defendant-Appellee.**

**No. 25216.**

United States Court of Appeals, Ninth Circuit.

July 1, 1970.

Appeal Dismissed Oct. 20, 1970.

See 91 S.Ct. 111.

James L. Browning, Jr., U. S. Atty., Paul G. Sloan, Asst. U. S. Atty., Jerrold M. Ladar, Chief, Criminal Division, San Francisco, Cal., for appellant.

James G. Seely, Jr., San Francisco, Cal., Daniel Edward Fix, for appellee.

Before MADDEN,* Judge, United States Court of Claims, KOELSCH and TRASK, Circuit Judges.

MADDEN, Judge:

The defendant, Fix, was indicted by a Federal Grand Jury for the wilful refusal to submit to induction into the armed forces of the United States. He pleaded not guilty. His case was calendared for a pre-trial conference before a federal district judge. The defendant's counsel had previously filed a motion to dismiss the indictment, and he argued, at the pre-trial conference, in support of that motion. Government counsel were present at the conference. The court admitted in evidence a certified copy of the defendant's selective service file as an exhibit in support of the defendant's motion to dismiss the indictment. The Court, after reviewing the defendant's selective service file indicated an inclination to dismiss the indictment on the authority of Miller v. United States, 388 F.2d 973 (CA 9, 1967). The Government had filed no written opposition to the defendant's previously filed motion to dismiss. It presented no response, on the merits, to the defendant's oral argument to the trial court. It requested no delay for the purpose of filing a brief in opposition. The Court granted the defendant's motion to dismiss the indictment.

This court is now presented with an appeal from a decision of the district court made in a proceeding in which no opposition was presented, to the proposed action of the Court. Rule 51 of the Federal Rules of Criminal Procedure is applicable and controlling. In Yeater v. United States, 397 F.2d 975 (9 Cir. 1968) this court said:

[We rest] our affirmance of the conviction upon the well-established rule of appellate review that defenses not raised in the district court will not be considered an appellate review. A prosecution for violation of the Military Training and Service Act is no different from other criminal prosecutions in this respect. "The very purpose of such a rule is to enable the court to consider it below—to prevent error—to avoid appeal." Grant v. U. S., 291 F.2d 746 (9th Cir.1961).

An important reason for the Rule 51 principle is the avoidance of delay. If the lower tribunal is given a fair opportunity to consider and decide the question, there will frequently be no necessity for an appeal, which, when it occurs, results in delay. Another reason is that of fairness to the lower tribunal. A reversal of a decision of a lower court, in a case in which that court did not have a fair opportunity to weigh the conflicting considerations which are presented to the Court of Appeals, is an affront to the dignity of the lower court.

We do not, however, decide the question discussed above. There is a problem with regard to our jurisdiction in this appeal. The Government brought this appeal under the Criminal Appeals Act, 18 U.S.C. § 3731. That statute provides for appellate review of judgments of United States District Courts in the Supreme Court of the United States in certain cases, and in United States Courts of Appeals in other cases. In any particular case, the appeal lies in either the Supreme Court or the Court of Appeals, but never in both. United

---

* Honorable J. Warren Madden, Senior Judge, United States Court of Claims, sitting by designation.

States v. Apex Distributing Company, 270 F.2d 747, 750 (CA 9, 1959). In 18 U.S.C. § 3731, it is provided that if either court, the Supreme Court or the Court of Appeals, determines that the appeal should have been taken to the other court, then the court in which the appeal was filed shall either remand or certify the appeal to the other court.

The instant appeal is from an order dismissing an indictment. Paragraph 6 of 18 U.S.C. § 3731, provides for an appeal to a court of appeals of a "decision or judgment dismissing any indictment *except* where a direct appeal to the Supreme Court is provided by this section." [Emphasis added]. Paragraph 4 of Section 3731 provides for a direct appeal to the Supreme Court in the following case, *inter alia:*

From the decision or judgment sustaining a motion in bar, when the defendant has not been put in jeopardy.

As to whether the defendant's motion to dismiss the indictment was a "motion in bar", the case of United States v. Blue, 384 U.S. 251, 86 S.Ct. 1416, 16 L.Ed.2d 510 (1966) is in point. The Court said, of the motion to dismiss in Blue:

Like the Court of Appeals, we take the dismissal in this case as a ruling that absent reversal on review future prosecution of Blue on the pending counts is forever barred * * *.

In our instant case, the district court's dismissal of the indictment is a ruling which, if it is not reversed on appeal, will forever bar the prosecution of the defendant Fix upon the charge made in the indictment. The judgment of dismissal was, then, a decision * * * "sustaining a motion in bar", within the meaning of paragraph 4 of § 3731.

There remains the question of whether the other specification of paragraph 4 of § 3731 for an appeal to the Supreme Court, viz. "when the defendant has not been put in jeopardy", has occurred. In United States v. Blue, *supra,* the Court said:

Since Blue had not yet been brought to trial and put in jeopardy when the dismissal occurred, see United States v. Celestine, 215 U.S. 278, 283, 30 S. Ct. 93, 54 L.Ed. 195, our jurisdiction under the statute is secure if the motion sustained by the District Court was a motion in bar * * *.

In the case of United States v. Seeley, 301 F.Supp. 811 (D.C.R.I.1969) the district court was faced with the problem of whether, in a prosecution for failure to report for induction, in which there was a likelihood that there would be a claim that the processing of the draftee's case by the Selective Service authorities had been improper, a motion to dismiss the indictment and a hearing before the Court on that motion would be an appropriate procedure. The Court concluded that such a procedure was appropriate because the presentation to a jury of all the facts concerning the defendant's classification processing would be wasteful and confusing, and the Court would still, on a motion for judgment of acquittal, have to decide whether the administrative processing had been sufficiently regular to impose upon the draftee the duty to report for induction. What the court decided in Seeley was that Rule 12(b) (1) of the Federal Rules of Criminal Procedure is broad enough to permit a motion to dismiss a 50 U.S.C. App. Sec. 462(a) indictment to be made, as a procedural matter, to the Court when the defendant is attacking the classification process. The Court, in Seeley, had no occasion to discuss or decide the question whether an appeal from the district court's dismissal of the indictment, if there was a dismissal, and an appeal from it, should be to the Supreme Court or to the United States Court of Appeals. And of course the court, in Seeley, said nothing about our problem of whether a defendant, whose motion to dismiss the indictment had been granted, had been in jeopardy within the meaning of paragraph 4 of § 3731 of 18 U.S.C.

In United States v. Blue, *supra,* the Court cited with approval United States

v. Celestine, 215 U.S. 278, 283, 30 S.Ct. 93, 54 L.Ed. 195. We quote the language of Celestine:

> The fourth paragraph of the Act of March 2, 1907,[1] supra, authorizes a review of "decision or judgment sustaining a special plea in bar, when the defendant has not been put in jeopardy." The defendant in this case had not been put upon trial, therefore he had not been in jeopardy. * * * clearly the fourth paragraph gives to this court a right to review the precise question decided by a trial court in sustaining a special plea in bar * * *.

■ The difficulties which courts have had with 18 U.S.C., § 3731 are illustrated by the differences of opinions of the Justices in United States v. Mersky, 361 U.S. 431, 441, 80 S.Ct. 459, 4 L.Ed.2d 423 (1960).[2] In our instant case the appellee takes the position that the appeal should have been to the Supreme Court. The Government, not very firmly, takes the opposite position. With frank recognition that our answer to this elusive question may be wrong, we agree with the appellee and certify the appeal to the Supreme Court of the United States.

---

1. Now 18 U.S.C., § 3731 paragraph 4.

2. See Friedenthal, Government Appeals in Criminal Cases, 12 Stan.L.Rev. 71 (1959).