**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Richard Victor PONTO, Defendant-Appellee.**

**No. 18396.**

United States Court of Appeals, Seventh Circuit.

July 7, 1971.

Stevens, Circuit Judge, dissented and filed opinion.

---

William J. Bauer, U. S. Atty., Richard F. Sprague, Asst. U. S. Atty., Chicago, Ill., John Peter Lulinski, Jeffrey Cole, Asst. U. S. Attys., Assisted by: Lawrence Levin, Legal Intern., of counsel, for appellant.

Gerald M. Werksman, Chicago, Ill., for appellee.

Before HASTINGS, Senior Circuit Judge, and KERNER and STEVENS, Circuit Judges.

KERNER, Circuit Judge.

The defendant, Richard Victor Ponto, was indicted for failure to submit to induction into the Armed Forces. 50 U.S.C. App. § 462. After hearings before the district court but prior to trial, the judge granted the defendant's motion alternatively requesting the court "to dismiss the indictment or for a directed judgment of acquittal." The government appeals.

The defendant, who was living with his wife and child, had been classified III–A (hardship) by his local draft board. In January, 1966, he was reclassified I–A after the board learned that he was no longer living with his wife and child nor contributing to their support. On March 3, 1967, after other unsuccessful attempts to contact defendant, it ordered Ponto to report for induction on March 27, 1967; the order was returned by the post office indicating that defendant had moved.

On March 27, the day he was to report for induction, defendant requested a III–A classification claiming that he was now the sole means of support for his mother, who, he stated, "is sick and unable to work at this time." He filed a Dependency Questionnaire (SSS Form 118) representing his annual contribution to his mother's support to be $1,500; he listed his mother's annual income as $2,500. His income for the prior year was $5,000.

The board responded that it had considered Ponto's request for deferment and decided "that there be no change in your classification." Ponto was subsequently given a courtesy hearing at which the board requested him to produce income tax returns for his mother and himself.

Two months later, on July 14, 1967, the board, not receiving Ponto's income tax returns, decided again "that there be no change in your classification and that your orders stand." On August 11, the board reached the same conclusion after considering W–2 forms Ponto submitted for himself and his mother.

On September 18, 1967, the defendant was ordered to report for induction, but refused to submit. In March, 1968, the United States Attorney's office, in a letter to the Deputy State Director of the Selective Service System of Illinois, indicated that it would not prosecute Ponto. In May, 1969, however, the defendant was indicted.

Prior to hearings before the district judge, counsel for the defendant filed a motion with the court entitled "Motion to dismiss the indictment or for a directed judgment of acquittal." In the motion, counsel called attention to two letters he found in the Selective Service file:

a. A letter from the United States Attorney to the Deputy State Director of the Selective Service System, dated March 18, 1968, recommending that the outstanding order for induction of defendant be cancelled and that his classification be reopened (Exhibit A).

b. A letter from the United States Attorney to the Chief of the Administrative Regulations Section, Criminal Division, Department of Justice, dated October 8, 1968, stating that the United States Attorney's office was of the opinion that a prima facie case for a hardship deferment had been made by defendant and that denial of the

III–A classification by the Local Board was in error (Exhibit B).

Following this recitation, counsel stated in the written motion:

One can conclude from these letters that the United States Attorney concurs in the legal correctness of the defendant's plea of not guilty. To put the defendant to the anxiety of a trial and to consume the court's time in litigating an issue upon which the parties agree is the height of folly.

Wherefore, the defendant moves for a dismissal of the indictment or, in the alternative, for a directed judgment of acquittal.

Hearings were conducted on three occasions before the district judge in which counsel for both sides argued the defendant's pending motion. Defendant was not present at any of the hearings. On the first day, the judge stated that he denied the defendant's motion without prejudice. Following this, counsel and the judge discussed the possibility of the defendant voluntarily agreeing to induction. The case was continued for a few days in order for defense counsel to inquire into this possibility.

On the second hearing date, a suggestion was made by the judge that the United States Attorney review the Selective Service file to determine whether the board had properly processed Ponto's claim for re-classification. The United States Attorney also agreed to review the cases submitted to the court by defense counsel.

On the following day, the final hearing was held. Argument concerned the circumstances surrounding the defendant's attempt to reopen his classification. The judge stated at one point:

The question—there are two questions. One is whether or not in fact there was a proper basis for this kind of a deferment, and if there was a dependency that didn't exist in the same quality and in the same nature that existed at the time of the notice for him to report for induction or at the last appearance before the local board.

The second question is whether or not the local board in opening up the case and having the file reviewed unilaterally deprived him of a right to appeal, should they decide against him on the basis of their review.

The judge then said that he would allow "a minute motion for summary supported with an exhibit, to-wit, a copy of the Selective Service file."

The United States Attorney responded:

Well, your Honor, we would object to proceeding under a motion for summary judgment because, to my knowledge, there is no such thing in a criminal case. Now, I just would object to that most vigorously. That just is not a proper way to dispose of a case.

The Court: A motion to dismiss.

[Defense Counsel]: I have made my motion to dismiss.

The Court: Supported by a copy of the Selective Service file, * * *.

Argument continued on the propriety of the board's refusal to reopen Ponto's file. Statements were made concerning information in the Selective Service file and of the applicable regulations governing lateness and the consideration by a board of evidence filed by a registrant.

After some discussion of these issues, the judge stated:

I honestly am of the opinion that in order to interpret that regulation as constitutional, as not a violation of due process of law, I must interpret it as reading that the board finds that what is submitted is not evidence or, if it is evidence, it is not new, but that if the board finds that what is submitted is both evidence and new, it must reopen the case, for to do otherwise would be to deny the registrant the opportunity of appeal.

And, after a short colloquy:

[Defense counsel]: Will your Honor grant my motion to dismiss?

The Court: Yes. Attach a copy of the file to your minute order and motion.

The government appeals the court's order, arguing that defendant had failed to state a *prima facie* case which would entitle him to a reopening, as required by § 1625.2 of the Selective Service Regulations, 32 C.F.R. § 1625.2. It also argues that the defendant was barred from a reopening under § 1625.2 because he requested reclassification after the mailing of an induction order to him, and he did not show a change in status due to circumstances over which he had no control. The defendant, relying on the Criminal Appeals Act, 18 U.S.C. § 3731, argues to us that the government has no right to appeal the order of the district court or, in the alternative, that its appeal must be directed to the Supreme Court.

We turn our attention to the jurisdictional question. Section 3731 deals with the government's right to appeal in a criminal case. The pertinent provisions state:

An appeal may be taken by and on behalf of the United States from the district courts direct to the Supreme Court of the United States in all criminal cases in the following instances:

\* \* \* \* \* \*

From a decision or judgment sustaining a motion in bar, when the defendant has not been put in jeopardy.

An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases in the following instances:

From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof, except when a direct appeal to the Supreme Court of the United States is provided by this section.[1]

\* \* \* \* \* \*

The defendant, relying on § 3731, posits two interpretations of the disposition by the judge. First, he asserts that the motion for "a dismissal of the indictment, or in the alternative, for a directed judgment of acquittal" can be characterized as a "motion in bar," directly appealable to the Supreme Court. (See the second paragraph of § 3731 quoted above.) Second, he claims that the order was not a judgment "setting aside, or dismissing any indictment \* \* \*," (see the fourth paragraph of § 3731 quoted above) and thus not appealable to us.

We approach the question of the government's right to appeal and our jurisdiction under § 3731 with some trepidation. Courts have admitted difficulty in interpreting the confusing provisions of § 3731.[2] United States v. Sisson, 399 U.S. 267, 307–308, 90 S.Ct. 2117, 26 L. Ed.2d 608 (1970); United States v. Weller, 401 U.S. 254, 91 S.Ct. 602, 28 L.Ed.2d 26 (1971). The act requires us to characterize the disposition of the district court by reference to common law pleading distinctions which have been altered by the Federal Rules of Criminal Procedure. See United States v. Sisson, *supra*, 399 U.S. at 308, 90 S.Ct. 2117. These problems in applying the criminal pleading terms of § 3731 are compounded by the hybrid nature of a

---

1. The remaining provisions of § 3731 provide for appeal to the Supreme Court
   From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof, where such decision or judgment is based upon the invalidity or construction of the statute upon which the indictment or information is founded.
   and an appeal to the Court of Appeals
   From a decision arresting a judgment of conviction except where a direct appeal to the Supreme Court of the United States is provided by this section.
   Both parties concede that neither of these paragraphs has relevance to the right of the government to appeal in this case.

2. Congress, in the Omnibus Crime Control Act of 1970, § 14(a), 84 Stat. 1890 (1971), has amended § 3731; but these new provisions apply to indictments entered after January 2, 1971. Ponto was indicted in May, 1969.

Selective Service prosecution. In one sense, the proceeding is like any other criminal prosecution and is governed by the Federal Rules of Criminal Procedure. In another sense, it serves as a forum for preinduction judicial review of the classification process, since a defendant may raise as a defense the propriety of the board's processing of his claim for reclassification.[3] In the Selective Service case at bar, it becomes even more difficult to classify the order of the court by reference to common law pleading terms since the motion which the court granted had alternatively requested a dismissal of the indictment or a judgment of acquittal.

■ We are convinced, however, that the order below cannot be characterized as a "motion in bar." It has now been settled that a motion in bar concerns facts which would not be introduced by the prosecution or defense at trial. As the *Sisson* Court stated at 301, 90 S.Ct. at 2135:

> Even under the most expansive view, * * * a motion in bar cannot be granted on the basis of facts that would necessarily be tried with the general issue in the case.

Some extraneous factor, such as the statute of limitations or double jeopardy, could be properly characterized as a motion in bar. United States v. Weller, *supra.*

In the instant case, there was nothing raised in the defendant's motion or in the argument of defense counsel which presented an issue which could be characterized as extraneous to the theories which would have been raised by prosecution or defense at trial if it had occurred. Defense counsel appeared to be urging to the district court that the defendant had established a right to a III–A classification, and that the board's erroneous refusal to reopen entitled him to an acquittal. This constitutes a classic defense in a Selective Service case.

Thus, we must reject the defendant's argument that the case is appealable to the Supreme Court.[4]

■■ We are also of the opinion that § 3731 prohibits a government appeal to this court. An appeal by the government from a pre-trial order, as in this case, may be taken to the court of appeals under § 3731 only when the order can be characterized as one " * * * setting aside or dismissing any indictment or information," see ¶ 5 of § 3731.[5] The Ninth Circuit, sitting en banc, in United States v. Apex Distributing Co., 270 F.2d 747 (9th Cir. 1959), has held that this portion of § 3731 permits appeal only from a dismissal which is based upon a defect in the indictment itself, or in the institution of the prosecution.

■ After reviewing the proceedings below and the motion filed by defense counsel, we conclude that the dismissal order was not based on a defect in the indictment or in the institution of the prosecution. No reference is made to

3. See 50 U.S.C.App. § 460(b) (3).

4. At the time of oral argument, the defendant urged as authority United States v. Fix, 429 F.2d 619 (9th Cir. 1970), which was decided before *Sisson* and *Weller*. In *Fix*, at 621, the Ninth Circuit, relying on earlier precedent of the Supreme Court, held that a motion in bar was " * * * a ruling which, if it is not reversed on appeal, will forever bar the prosecution of the defendant Fix upon the charge made in the indictment." The court certified the appeal to the Supreme Court " * * * with frank recognition that our answer to this elusive question may be wrong, * * *." at 622.

The subsequent definition by the Supreme Court of a "motion in bar" in

*Sisson* and *Weller* differed from the one in *Fix*. The Supreme Court dismissed the *Fix* appeal, 400 U.S. 874, 91 S.Ct. 111, 27 L.Ed.2d 112, apparently upon agreement by both of the parties in the case. See Rule 60, Rules of Practice of the Supreme Court of the United States. Thus, because of subsequent developments, we cannot rely on *Fix* as authority in this case.

5. Otherwise, the government has no right to appeal. Section 3731 provides the only authority for the government to appeal in a criminal case. Furthermore, § 3731 must be strictly construed against the government's right to appeal. United States v. Borden, 308 U.S. 188, 192, 60 S.Ct. 182, 84 L.Ed. 181 (1939).

the wording or form of the indictment itself or the manner in which the case was presented to or deliberated by the Grand Jury. Rather, the arguments of counsel and the comments of the trial judge at the pre-trial hearings concerned the propriety of the board's procedures in processing Ponto's claim for III–A reclassification. The district judge apparently ruled that the board had erroneously refused to reopen Ponto's classification. This ground for the judge's pretrial order of dismissal—that the board incorrectly refused to reopen—would have been raised as a defense at trial.

We believe that disposition on this ground, prior to trial, is similar to an order of acquittal, from which the government is not entitled to appeal. For this conclusion, we find helpful a recent decision by the Court of Appeals for the First Circuit in United States v. Findley, 439 F.2d 970 (1st Cir., 1971). In Findley, the defendant was indicted for failing to submit under § 462 and filed a motion to dismiss, arguing that the board had not stated any reason for its refusal to reopen his classification. The trial court, after inquiring whether the defendant had established a *prima facie* case for a new classification (a defense

which would have been raised at trial), granted the defendant's motion to dismiss. The First Circuit held that § 3731 did not authorize a government appeal from this ruling of dismissal. The court observed (p. 439 F.2d p. 972):

* * * if a dismissal is a result of the showing of evidentiary facts dehors the indictment which, if established at trial, would constitute a defense on the merits, the court's ruling, however described, * * * is in effect an acquittal * * *, and thus not within the intended purpose of the appeals statute. * * * There can be no question, then, that, had he waited and proved these facts at trial defendant would, assuming the court's view of the law is correct, have been entitled to an acquittal from which, under Sisson, no appeal will lie.

See also United States v. Sisson, *supra*, 399 U.S. at 301–302, 90 S.Ct. 2117; United States v. Ramos, 413 F.2d 743, 744 n. 1 (1st Cir. 1969).

This analysis from *Findley* persuades us that the instant order dismissing the case was in the nature of an acquittal and was not appealable by the government.[6] The fact that the defend-

6. It could be argued that the recent Supreme Court decision in United States v. Weller, 401 U.S. 254, 91 S.Ct. 602, 28 L.Ed.2d 26 (1971), suggests that the government can take an appeal to us in this case. In Weller, the ruling of the district court had been based on facts which would have been raised as a defense in the Selective Service trial. The government appealed directly to the Supreme Court. The court, after analyzing the possible bases for its jurisdiction under § 3731, decided that it did not have jurisdiction to hear the government's appeal and remanded the case to the court of appeals.

This remand order could be interpreted as a holding by the Supreme Court that the court of appeals had jurisdiction under § 3731.

We do not believe that such an implication arises from the mere order of remand to the court of appeals. Most likely, the Court remanded to allow the court of appeals to decide whether it had jurisdiction under § 3731. The Act itself provides that if the Supreme Court is of the opinion that the appeal should have been taken to the court of appeals, then it shall remand to that court " * * * which shall then have jurisdiction to hear and determine the same as if the appeal had been taken to that court in the first instance." We believe that this statutory language authorizes the court of appeals to consider anew the question of its own jurisdiction under § 3731, which it would have done " * * * if the appeal had been taken to that court in the first instance."

The First Circuit in *Findley* offered another explanation:

Examination of the *Weller* briefs reveals no question raised, and no discussion, except as to the jurisdiction of the Supreme Court. Both parties proceeded on the assumption that jurisdiction in the court of appeals depended solely on a resolution of that question. That there may be a further question as to circuit court jurisdiction is not obvious from the face of the statute.

ant's motion requested a dismissal of the indictment is not dispositive or even probative to us, since it, alternatively, requested a "directed judgment of acquittal." That the judge may not have examined the Selective Service file before his ruling does not change the character of the dismissal order. Perhaps the judge was in error in not reviewing the file and merely relying on the statements of counsel. Yet, it does not follow that the failure by the judge to review the file, albeit error, would change the character of his decision or affect the government's right to appeal under § 3731.

We simply can find nothing in the record which suggests that the judge dismissed this case because of a defect in the indictment or in the institution of the prosecution. For this reason, we must dismiss this appeal for want of jurisdiction.

Appeal dismissed.

STEVENS, Circuit Judge (dissenting).

In my opinion Judge Parsons' order cannot fairly be interpreted as an acquittal. A motion for acquittal may be filed only "after the evidence on either side is

We intend no possible disrespect towards a busy court when we conclude that the fact that such a question exists might well have escaped its attention. (439 F.2d p. 993).

In any event, we believe that the authority of *Weller* concerns the jurisdiction of the Supreme Court, and not the court of appeals, under § 3731.

1. Rule 29 F.R.Crim.P. In United States v. Sisson, 399 U.S. 267, 90 S.Ct. 2117, 26 L.Ed.2d 608, the motion was filed after both parties had rested.

2. The statute provides, in part:

"An appeal may be taken by and on behalf of the United States from the district courts to a court of appeals in all criminal cases, in the following instances:

"From a decision or judgment setting aside, or dismissing any indictment or information, or any count thereof except where a direct appeal to the Supreme Court of the United States is

closed * * *."[1] In this case, the trial never started. The jury had not been impaneled or waived and no evidence had been offered or received. I do not believe a defendant should have the benefit of a judgment of acquittal before he has been placed in jeopardy.

Judge Kerner has demonstrated that the district court did not sustain a plea in bar, and therefore if an appeal lies, it is to this court rather than the Supreme Court. The trial judge stated unequivocally that he was granting the defendant's motion to dismiss the indictment; in my opinion, that is the only proper interpretation of his order. If the Criminal Appeals Act means what it says, such an order is appealable.[2]

As Judge Kerner correctly points out, however, the Ninth Circuit reads the legislative history of the 1942 amendment to the statute to confine our appellate jurisdiction to review of dismissals based on a defect in the indictment or in the institution of the prosecution. See United States v. Apex Distributing Co., 270 F.2d 747 (9th Cir. 1959) (en banc). With all respect, I do not find the comments in the Committee Report on which that court relies sufficiently persuasive to overcome the plain language of the statute itself.[3] Moreover, both the

provided by this section." 18 U.S.C. § 3731.

3. For example, the following language in the Committee Report, not quoted in the *Apex* opinion, suggests the same broad right to appeal from *all* dismissals as the statutory language itself:

"The bill would have the effect of enlarging the power and authority of the United States to appeal in the following ways: * * *

"3. Permit appeals to the circuit court of appeals from *all* decisions and judgments *having the effect* of quashing, setting aside, or sustaining demurrers or pleas in abatement to indictments or informations and from *all* decisions arresting judgments of conviction except in those instances where direct appeals to the Supreme Court are permitted under the existing law. * * *" U.S.Code Cong.Ser. 77th Cong., 2d Sess.1942, pp. 487–88. (Emphasis added.)

Supreme Court and this court have assumed, without expressly deciding,[4] that our jurisdiction is not so narrowly limited. United States v. Weller, 401 U.S. 254, 91 S.Ct. 602, 28 L.Ed.2d 26; United States v. Brodson, 234 F.2d 97 (7th Cir. 1956).

Although I recognize that the Supreme Court's determination of its own narrow jurisdiction under the Criminal Appeals Act requires consideration of a district court's grounds of decision,[5] I believe the statutory language used to define our jurisdiction requires us to consider the effect [6] of the order entered by the district court rather than the reasons for its entry. Otherwise it might be impossible to determine whether or not an appeal lies, since, as in this case, the trial judge's colloquies with counsel may do more to obscure than to identify the precise basis for his order of dismissal. The fact that the ruling was based on statements of counsel or perhaps other matters not properly a part of the record, may have compounded his error, but should not negate our power to set the order aside pursuant to 28 U.S.C. § 2106. United States v. Fruehauf, 365 U.S. 146, 81 S.Ct. 547, 5 L.Ed. 2d 476. Since I find no defect in the indictment, I would reverse and remand for trial.

The legislative history of the amendment to § 3731 contained in the Omnibus Crime Control Act of 1970, 84 Stat. 1880, makes it perfectly clear that if this prosecution had been commenced subsequent to January 2, 1971, the appeal would lie. Conf. Rep.No.91–1768, 91st Cong., 2d Sess., 1970 U.S.Code Cong. & Ad.News pp. 5848–49. Insofar as the precise question presented to us is concerned, this amendment may support Judge Kerner's reading of the statute by indicating that Congress felt broader review was required, or with equal force may support my reading on the assumption that Congress desired to remove the ambiguity, engendered by the decision in *Apex* as to its 1942 purpose

in using language it then considered unambiguous.

4. It should be noted, however, that the Supreme Court had no statutory authority to remand *Weller* to the Court of Appeals for the Ninth Circuit unless " * * * in the opinion of that Court [the appeal] should have been taken to a court of appeals * * *." 18 U.S.C. § 3731.

5. See United States v. Swift & Co., 318 U.S. 442, 63 S.Ct. 684, 87 L.Ed. 889; United States v. Carbone, 327 U.S. 633, 642–644, 66 S.Ct. 734, 738–739, 90 L.Ed. 904 (Frankfurter, J., dissenting).

