**UNITED STATES of America, Plaintiff-Appellant,**

v.

**Will H. CARPENTER, Defendant-Appellee.**

No. 76–2009.

United States Court of Appeals, Ninth Circuit.

Oct. 7, 1976.

Richard E. Plymale, Asst. U. S. Atty. (argued), Los Angeles, Cal., for plaintiff-appellant.

Sam G. Jackson, Jr., Deputy Federal Public Defender (argued), Los Angeles, Cal., for defendant-appellee.

Before CHOY and GOODWIN, Circuit Judges, and WILLIAMS *, District Judge.

CHOY, Circuit Judge:

Defendant was arrested on October 23, 1975 for making a false statement in an attempted acquisition of a firearm in violation of 18 U.S.C. § 922(a)(6). Out on bail, he thereafter went into state custody to await possible parole revocation proceedings which had been activated by his arrest on the federal charge. Although an origi-nal trial date was scheduled for February 10, 1976, the district court on its own motion continued the case until February 17, 1976. On that date, the defendant was released on his own recognizance by the court with the stipulation that the release terms would be reconsidered if the state were to surrender custody. Also on February 17, the parties jointly moved for a continuance to March 16, 1976 to permit defendant to appear before the California Adult Authority. After another two-week continuance occasioned by the unavailability of a defense psychiatrist, both parties announced themselves ready for trial on March 30, 1976.

On that date, the court asked the defendant if he were "willing to waive the provisions of the Speedy Trial Bill" and accept an April 6, 1976 trial date. The answer was, "No". Whereupon, the district court dismissed the case due to its inability "to reach it today because of the extent of the calendar." The Government made no objection to the dismissal but filed a timely notice of appeal pursuant to 18 U.S.C. § 3731 on April 29, 1976. We reverse.

At the outset, defendant argues that, given the Government's failure to object at the time dismissal was granted, this court may only review the actions of the trial court if they amount to "plain error." *See* F.R. Crim.P. 51, 52(b). However, it is not clear to us that an objection by counsel is *necessary* where, as here, a final disposition of a case comes in a pre-trial hearing in which there is only one ground for dismissal under consideration. The purposes to be served by the contemporaneous objection rule—to bring a possibly erroneous ruling to the specific attention of the court so as to present an opportunity for immediate reconsideration and correction with the least possible delay of on-going proceedings, *United States v. Fix*, 429 F.2d 619, 620 (9th Cir.), *appeal dismissed*, 400 U.S. 874, 91 S.Ct. 111, 27 L.Ed.2d 112 (1970)—may sug-

---

* The Honorable Spencer Williams, United States District Judge for the Northern District of California, sitting by designation.

gest that it need not be applied in the circumstances here under review.

In any event, we find it unnecessary to decide whether a contemporaneous objection to the order of dismissal was required here, for we hold that the action of the district court in dismissing this case on the ground that the Speedy Trial Act was violated was "plain error" and must be reversed. *United States v. Jeffery*, 473 F.2d 268, 270–71 (9th Cir.), *cert. denied*, 414 U.S. 818, 94 S.Ct. 42, 38 L.Ed.2d 51 (1973); *Herzog v. United States*, 235 F.2d 664, 666–67 (9th Cir.) (en banc), *cert. denied*, 352 U.S. 844, 77 S.Ct. 54, 1 L.Ed.2d 59 (1956).

 No provision of the Speedy Trial Act, 18 U.S.C. § 3161 *et seq.*, authorizes dismissal on these facts. It is clearly unnecessary to reach the question whether defendant was in continuous "detention solely because [he was] awaiting trial" under § 3164(a)(1), *see Moore v. United States*, 525 F.2d 328, 329 (9th Cir. 1975); *United States v. Masko*, 415 F.Supp. 1317 (W.D. Wis.1976). Even if that provision's 90-day interim rule, § 3164(b), were violated, the proper sanction under § 3164(c) would have been release from custody rather than the dismissal ordered by the court. *See United States v. Tirasso*, 532 F.2d 1298, 1299 (9th Cir. 1976). Nor was there a violation of the 180-day transitional limit of § 3161(g), which does carry a dismissal sanction, *see* §§ 3161(c) & 3162(a)(2); and, in any case, that limit did not take effect until July 1, 1976, § 3163(b). Finally, even if the transitional rules did apply and were violated, they appear to be merely directory for the present with the sanction of dismissal for their violation not scheduled to go into effect until July 1, 1979, § 3163(c). Thus, it is plain that the district court must have been under some misapprehension in dismissing this case under the authority of the Act.[1]

 In fact, defendant makes no attempt to argue here that the Speedy Trial Act applies to his case, but rather focuses on an alleged violation of the sixth amendment guarantee of a speedy trial as the basis upon which the district court's dismissal should be affirmed. Although the Government did not confront defendant's sixth amendment arguments, defendant did brief and argue its points before this court and we have, therefore, chosen to examine the merits of his contentions. *See Paskaly v. Seale*, 506 F.2d 1209, 1211 n. 4 (9th Cir. 1974); *Sanchez v. Trans World Airlines, Inc.*, 499 F.2d 1107, 1108 (9th Cir. 1974). However, since the trial court does not appear to have based its dismissal order on the sixth amendment criteria outlined in *Barker v. Wingo*, 407 U.S. 514, 530, 92 S.Ct. 2182, 33 L.Ed.2d 101 (1972), defendant is not aided here by the weight of a lower court finding that the guidelines of that case were violated. *See United States v. Hart*, 546 F.2d 798, 9th Cir. 1976 (en banc).

We find no merit in defendant's *Barker* contention. The length of the delay was less than six months and is in substantial part chargeable to defendant. At one point in the proceedings it appears that defendant expressly waived his right to demand a speedy trial (at least under the Act), though this waiver was later retracted. Defendant was not prejudiced in his defense by the delay, and any personal prejudice resulting from a failure to receive allegedly needed treatment for a mental condition during incarceration does not rise to the level of that found in *United States v. Roberts*, 515 F.2d 642, 646 (2d Cir. 1975) and *United States v. Calloway*, 164 U.S.App.D.C. 204, 505 F.2d 311, 317–19 (1974), cited by defendant, even if we were persuaded to follow those decisions.[2]

Reversed and Remanded for trial.

---

1. Given the obvious inapplicability of the Act to this case, it should be clear that it would have been *highly desirable* for the Government to have objected and offered those arguments which it advanced here on appeal at the time of dismissal, thus affording the trial court an opportunity to reconsider its ruling and to pro-

ceed with the April 6, 1976 trial date if convinced of its error.

2. Lastly, the dismissal cannot be affirmed on the ground that there was a violation of the local "Plan for Achieving Prompt Disposition of Criminal Cases," United States District Court for the Central District of California Gen-

eral Order No. 150. *See* 18 U.S.C. §§ 3165, 3166; F.R.Crim.P. 48(b), 50. The district court did not rationalize its dismissal on this basis, defendant neither briefed nor argued the ground here (though the Government did allude to it), and violation of the time limits of the Plan does not "require" dismissal, *see* § 4(c).