**UNITED STATES of America, Plaintiff,**

v.

**Jose LOPEZ–QUINTANA and Manuel Aguilera-Medina, Defendants.**

**No. 76 CR 994.**

United States District Court, N. D. Illinois, E. D.

Jan. 10, 1977.

Samuel K. Skinner, U. S. Atty., Asst. U. S. Atty. W. J. Cook, Chicago, Ill., for plaintiff.

Michael Guinan, Chicago, Ill., for defendants.

## DECISION ON PRE–TRIAL MOTIONS

McMILLEN, District Judge.

*Motion to Dismiss Indictment or to Reduce Bond.* Defendant Medina has moved to dismiss the indictment or, in the alternative, for a reduction of his bond and discharge from custody on account of the government's failure to promptly arraign him on the present charges. Medina has been in custody since his arrest on September 14, 1976. Although an indictment was returned against him October 6th and made public on October 7th, and his co-defendant was arraigned on October 15th, Medina was not arraigned until November 18th due to asserted "administrative errors" on the part of the government.

When fully-implemented, the Speedy Trial Act of 1974 (18 U.S.C. § 3161 *et seq.*) will require that a defendant be indicted or that an information be filed against him within thirty days of his arrest or the date on which he is served with summons; that he be arraigned within ten days of the date the indictment or information was filed or made public; and that he be tried within sixty days of arraignment on the indictment or information. 18 U.S.C. § 3161(b) and (c). Various periods of time, described in 18 U.S.C. § 3161(h), may be excluded from these time limits.

The Act, however, is not scheduled for full implementation until July 1, 1979. During an interim period between July 1, 1976 and June 30, 1979, longer time limits are provided to allow the courts an opportunity to gradually reach the stricter permanent time limits described above. 18 U.S.C. § 3161(f) and (g).

These transitional time limits provide for the filing of indictments or informations within sixty days of arrest or service of summons during the first year of the interim period, within forty-five days during the second year, and within thirty-five days during the third year. 18 U.S.C. § 3161(f). Trial is to commence within one-hundred and eighty days of arraignment during the first year, within one-hundred and twenty days during the second year, and within eighty days during the third year. 18 U.S.C. § 3161(g).

However, the interim time limits for commencing trial are not as relaxed for two special categories of defendants. Specifically, any defendant who is either in custody awaiting trial or is not in custody, but has been designated a "high risk" defendant by the government, must be brought to trial within ninety days of their detention or designation of "high risk" status. 18 U.S.C. § 3164(a) and (b). There is a split of authority as to whether the excludable time provisions of § 3161(h) apply to the foregoing ninety-day trial limit. Compare *United States v. Tirasso*, 532 F.2d 1298 (9th Cir. 1976) with *United States v. Masko*, 415 F.Supp. 1317 (W.D.Wis.1976) and *United States v. Mejias*, 417 F.Supp. 579 (S.D.N.Y. 1976).

In the present case, defendant Medina complains that he was not arraigned within the ten-day limit set by 18 U.S.C.

§ 3161(c). A careful reading of the interim time limits reveals that they modify only the time within which an indictment or information must be filed and the time within which trial must commence, once arraignment has taken place, or, under § 3164, once a defendant has been placed in custody or designated a "high risk" defendant. As a result, it would appear that the ten-day time limit between indictment and arraignment provided in § 3161(c) also applies during the interim period between July 1, 1976 and June 30, 1979.

The only court which has published a decision on this issue has come to the same conclusion. See *United States v. Masko*, 415 F.Supp. 1317, 1320 n. 2 (W.D.Wis.1976). Moreover, § 4 of the "Plan for Achieving the Prompt Disposition of Criminal Cases During the Period 1 July 1976 Through 30 June 1979", (hereinafter the "Plan"), adopted by this court pursuant to F.R.Cr.P. 50(b) and 18 U.S.C. §§ 3165–3168, imposes the ten-day limit on arraignments. However, neither the Act nor our Plan provides any sanctions for failure to meet this ten-day time limit.

Only two sections of the Act deal with the question of sanctions. 18 U.S.C. § 3162 provides that a failure to indict a defendant or failure to try a defendant within the time frame established in § 3161(b) and (c) requires dismissal of the case against that defendant. At least one court has indicated that failure to comply with the interim modifications of the § 3161(b) and (c) deadlines, as set out in § 3161(f) and (g), also would warrant dismissal of the indictment involved. See *United States v. Carpenter*, 542 F.2d 1132, 1134 (9th Cir. 1976).

Secondly, 18 U.S.C. § 3164(c) provides that if a defendant in custody during the interim period is not tried within ninety days of his confinement to custody, he must be discharged from custody. The only mention of sanctions in our Plan occurs in § 10, where the provisions of § 3164(c) are repeated.

■ Since defendant Medina is in custody, he must be brought to trial within ninety days of the date on which he was initially confined under § 3164, less excludable time. *United States v. Masko*, 415 F.Supp. 1317 (W.D.Wis.1976). Arguably, his trial also must begin within one-hundred and eighty days of November 18, 1976 when he was finally arraigned. Accordingly, we have set trial for January 25, 1977, well within these limitations. However, we find nothing in the Act or in our Plan which requires that we discharge defendant Medina from custody or dismiss the indictment as to him because he was not arraigned by October 17, 1976. This is especially the case where, as here, defendant fails to allege any prejudice stemming from the delay in his arraignment, except for his confinement, which results from his failure to make bond rather than from his untimely arraignment. Therefore, the motion to dismiss the indictment or to reduce bond is denied.

■ *Motion for Discovery.* Both defendants seek production of certain information concerning the confidential informant involved in the alleged criminal transaction at issue. The government has offered to allow defense counsel the opportunity to interview the informant prior to trial, but appears to object to inquiry by defense counsel concerning the informant's address; his criminal history; and any payments from, contacts with or statements made to government agents; and other cases in which the informant has been involved.

We believe that the government's limited offer meets the requirements of *Roviaro v. United States*, 353 U.S. 53, 77 S.Ct. 623, 1 L.Ed.2d 639 (1957). The information which the government objects to providing prior to trial is more properly subject to disclosure at trial, if the witness testifies. 18 U.S.C. § 3500.

The defendants' motions are therefore denied.