**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50167 |
| Plaintiff-Appellee, | D.C. No. 3:12-cr-00236-GPC-6 |
| v. | |
| FRANCISCO GUTIERREZ, AKA Ammo, AKA Bullet, | MEMORANDUM[*] |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Southern District of California
Gonzalo P. Curiel, District Judge, Presiding

Argued and Submitted December 8, 2020
Pasadena, California

Before: THOMAS, Chief Judge, O'SCANNLAIN, Circuit Judge, and EZRA,[**] District Judge.
Partial Concurrence and Partial Dissent by Judge O'SCANNLAIN

Defendant-Appellant Francisco Gutierrez appeals the district court's

decision sentencing him to 189 months confinement for his conviction for

---

[*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**]     The Honorable David A. Ezra, United States District Judge for the District of Hawaii, sitting by designation.

conspiracy to conduct enterprise affairs through a pattern of racketeering activity ("RICO conspiracy"). We have jurisdiction under 28 U.S.C. § 1291 and 18 U.S.C. § 3742, and we vacate Gutierrez's sentence and remand for re-sentencing. Because the parties are familiar with the history of the case, we need not recount it here.

1. The district court did not violate Gutierrez's right to due process and its obligation to consider the "nature and circumstances of the offense" under 18 U.S.C. § 3553(a) by enhancing Gutierrez's sentence for predicate RICO acts without reviewing the entire record. The district court gave both parties the opportunity to identify relevant portions of the record. Both parties identified the portions of the record that they deemed relevant to the sentencing, and neither party raised a Section 3553(a) issue. The district court confirmed that it had reviewed all of their filings before determining Gutierrez's sentence. There was no error in the district court's proposed process, much less plain error. *See United States v. Fix*, 429 F.2d 619, 620 (9th Cir. 1970) (explaining purpose of Rule 51 of Federal Rules of Criminal Procedure).

2. The district court did not abuse its discretion by increasing the offense level for extortion by three offense levels for preparing to inflict "serious bodily

2

injury" (U.S.S.G. § 2B3.2(b)(3)(B)(i)(II)).[1] The district court's application of this sentencing enhancement rested on permissible inferences supported by the record and its factual findings. The district court found that Gutierrez coordinated an assault on Everst Cruz, which was committed by two assailants, lasted for an appreciable period, and resulted in visible injuries to Cruz's head. Such an assault easily could have resulted in hospitalization, extreme physical pain, or other harms within the Sentencing Guidelines' definition of serious bodily injury, U.S.S.G. § 1B1.1 cmt. n.1(L); the district court's inference of intent to cause serious bodily injury from the assault on Cruz therefore was not illogical, implausible, or without factual support. *See United States v. Gasca-Ruiz*, 852 F.3d 1167, 1170, 1175 (9th Cir. 2017) (en banc) (describing standard).

3.      The district court did not plainly err by not merging the extortion and aggravated assault groups (U.S.S.G. §§ 2A2.2, 2B3.2) because the groups and their specific offense characteristics are not substantially identical. U.S.S.G. § 3D1.2. The assault group was based solely on the assault of Cruz, while the extortion group embraced a far greater range of extortionate conduct. *See United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008) (noting that double counting "is sometimes authorized and intended by the Sentencing Guidelines when each

---

[1] The parties agree that the 2012 Sentencing Guidelines apply to Gutierrez.

3

invocation of the behavior serves a unique purpose under the Guidelines") (quoting *United States v. Holt*, 510 F.3d 1007, 1011 (9th Cir. 2007)).

4. The district court did not plainly err by applying an aggravated assault offense grouping pursuant to U.S.S.G. § 2A2.2. The assault Gutierrez coordinated was felonious, and the district court reasonably could have concluded that it was committed with intent to commit another felony under 18 U.S.C. § 1959(a)(4), which would satisfy the Guidelines' definition of aggravated assault. U.S.S.G. § 2A2.2 cmt. n.1.

5. The district court did not err by relying on two sentences imposed for convictions that Gutierrez sustained after his original sentencing or on conduct that occurred after the original sentencing in determining his criminal history category. The plain text of the Guidelines required the district court to consider Gutierrez's sentences imposed prior to his re-sentencing. *Pepper v. United States*, 562 U.S. 476, 490 (2011); U.S.S.G. §§ 4A1.1, 4A1.2(a)(1). The district court properly considered any inequity resulting from the increase to his criminal history category when exercising its discretion to impose a sentence at the midterm of his sentencing range.

6. We reject Gutierrez's request to overrule aspects of *United States v. Barragan*, 871 F.3d 689 (9th Cir. 2017). *See Miller v. Gammie*, 335 F.3d 889,

892–93 (9th Cir. 2003) (en banc) (three-judge panel may not overrule prior precedent unless the precedent is clearly irreconcilable with an intervening United States Supreme Court decision or an intervening decision on controlling state law by a state court of last resort).

7. The district court plainly erred by applying the "victim sustained bodily injury" sentencing enhancement to two separate offense groups, which resulted in impermissible double counting. Impermissible double counting occurs where a district court increases a defendant's sentence for "'a kind of harm . . . already fully accounted for'" by application of another part of the Sentencing Guidelines. *United States v. Calozza*, 125 F.3d 687, 692 (9th Cir. 1997) (quoting *United States v. Alexander*, 48 F.3d 1477, 1492 (9th Cir. 1995)). Here, the district court found that Gutierrez orchestrated the assault of Cruz to send a message to other inmates about the consequences of not paying money to the Mexican Mafia. The district court relied on Cruz's injuries to apply the "victim sustained bodily injury" enhancement to both the highest-level offense group, extortion (U.S.S.G. § 2B3.2(4)(A)), and an additional offense group, aggravated assault (U.S.S.G. § 2A2.2(3)(A)). The district court's imposition of the extortion-group enhancement fully accounted for the harms resulting from both the physical injuries themselves and the extortionate purpose of the assault. *See Calozza*, 125

F.3d at 692. *Calozza* makes clear that applying identical sentence enhancements to different offense groups is impermissible where the enhancements address the same harm to the same victim. *Id.* Thus, the district court's error was plain.

Gutierrez has demonstrated that this error affected his substantial rights and undermined the integrity of the re-sentencing proceedings. The application of the bodily injury enhancement to the aggravated assault group brought that offense level within eight levels of the highest group's offense level, which caused the district court to increase Gutierrez's total offense level by 1 and increase his sentencing range. Where, as here, the district court does not express any view that the sentence it imposed was appropriate irrespective of the Guidelines range, its miscalculation of the appropriate Guidelines range sufficed to satisfy the third and fourth prongs of plain error review. *Molina-Martinez v. United States*, 136 S. Ct. 1338, 1345–47 (2016); *United States v. Vargem*, 747 F.3d 724, 728–29 (9th Cir. 2014).

8.	Because we are vacating the sentence and remanding for re-sentencing consistent with this decision, we need not address the question of whether the district court plainly erred by applying the preponderance of the evidence standard rather than the clear and convincing evidence standard when it more than doubled Gutierrez's sentence based on predicate acts not found by the jury. However, we

note that it would be appropriate for the district court to examine that question on remand. *See Barragan*, 871 F.3d at 717–18 (noting six factor test). *Barragan*'s rejection of the clear and convincing standard for Gutierrez's co-defendants does not control this case, as the government contends. The application and outcome of these six factors are fact-specific and defendant-specific, as revealed by cases in which we have applied different evidentiary standards to co-defendants in the same proceeding. *See United States v. Valle*, 940 F.3d 473, 479 (9th Cir. 2019) ("We look to the totality of the circumstances to see if that heightened standard applies."); *United States v. Hopper*, 177 F.3d 824, 833 (9th Cir. 1999) (applying different standards to co-defendants based on their different sentence enhancements).

**VACATED AND REMANDED.**

*United States v. Gutierrez*, 19-50167

O'SCANNLAIN, Circuit Judge, concurring in part and dissenting in part:

I concur in Parts 1–6 of the Memorandum but respectfully dissent from Part 7 and Part 8.

I

Applying multiple enhancements based on the same conduct is presumptively permitted under the Sentencing Guidelines. U.S.S.G. § 1B1.1 cmt. n.4(B) ("Absent an instruction to the contrary, enhancements . . . are to be applied cumulatively . . . [and] may be triggered by the same conduct."). "[T]he Sentencing Commission plainly understands the concept of double counting, and expressly forbids it where it is not intended . . . ." *United States v. Reese*, 2 F.3d 870, 894 (9th Cir. 1993) (quoting *United States v. Williams*, 954 F.2d 204, 208 (4th Cir. 1992)). There is no express prohibition in the Sentencing Guidelines on applying a two-level "victim sustained bodily injury" enhancement to Gutierrez's extortion offense, U.S.S.G. § 2B3.2(b)(4)(A), and a three-level "victim sustained bodily injury" enhancement to Gutierrez's aggravated assault offense, U.S.S.G. § 2A2.2(b)(3)(A).

Further, our court permits double counting where each enhancement "accounted for a different aspect of the harms." *United States v. Stoterau*, 524 F.3d 988, 1001 (9th Cir. 2008). Here, the district court found that Gutierrez

1

authorized a "green light" on "Westside" gang members, resulting in bodily injury to Everst Cruz after he was assaulted twice. One enhancement, in the words of the district judge, accounted for the injury's contribution to Gutierrez's extortionate scheme: "It was intended for show, to show any other inmates at the detention center that if they failed to pay taxes . . . they too would be the victims of an assault . . . ." The other enhancement accounted for the fact that Cruz, the victim of an aggravated assault, sustained bodily injury. Thus, the two enhancements accounted for different aspects of the wrongfulness of Gutierrez's conduct.

The majority relies on *United States v. Calozza*, but in that case "the wrong and its victims were the same" for each enhancement. 125 F.3d 687, 692 (9th Cir. 1997). The district court in *Calozza* applied two victim-related adjustments, U.S.S.G. § 3A1.1 (vulnerable victim) and § 3B1.3 (abuse of trust), to two offenses stemming from one wrong with one set of victims. *Id.* at 688–89. But in this case, there were two different wrongs and two sets of victims, *see United States v. Thornton*, 511 F.3d 1221, 1228 (9th Cir. 2008), even though one victim, Cruz, was a common victim of both offenses.[1] Accordingly, the district court applied two different enhancements, U.S.S.G. § 2B3.2(b)(4)(A) (extortion where any victim sustained bodily injury) and § 2A2.2(b)(3)(A) (aggravated assault where the victim

[1] The majority acknowledges in Part 3 the different aspects of the harm by rejecting Gutierrez's contention that the extortion and assault offenses should be grouped together. *See* U.S.S.G. § 3D1.2(a) (instructing that counts should be grouped when they "involve the same victim and the same act").

2

sustained bodily injury). Neither provision is "co-extensive" with or "entirely subsumes" the other, *United States v. Smith*, 719 F.3d 1120, 1125 (9th Cir. 2013), because extortion can involve a bodily injury without aggravated assault (and vice versa).

The majority states that the extortion-group enhancement alone accounts for both the physical injury to Cruz and the extortionate purpose of the assault. But such enhancement raises the extortion base offense level by two, U.S.S.G. § 2B3.2(b)(4)(A), whereas the similar enhancement to aggravated assault raises the offense level by three, U.S.S.G. § 2A2.2(b)(3)(A). As a lesser enhancement, the former cannot fully account for the harms addressed by the latter—let alone the added wrongfulness of the extortionate aspect of the assault.

At the very least, it was not plainly erroneous for the district court to decide that both enhancements were needed to "capture the full extent of the wrongfulness of such behavior." *Reese*, 2 F.3d at 895. Applying only the two-level extortion enhancement would forego the greater three-level assault enhancement authorized by U.S.S.G. § 2A2.2(b)(3)(A). Applying only the three-level assault enhancement would forego the Guidelines' appreciation for the unique wrongfulness of extortion involving bodily harm under U.S.S.G. § 2B3.2(b)(4)(A). Absent unambiguous controlling precedent, any error in double counting was neither clear nor obvious. *United States v. Charles*, 581 F.3d 927, 933–34 (9th Cir. 2009) (citations omitted).

3

Since I would not vacate the sentence based on a double counting problem, I would reach the question of whether the district court applied the correct standard of proof. By default, the facts must support a sentencing enhancement by a preponderance of the evidence. *United States v. Collins*, 109 F.3d 1413, 1420 (9th Cir. 1997). "However, where an extremely disproportionate sentence results from the application of an enhancement, the government may have to satisfy a 'clear and convincing' standard." *United States v. Treadwell*, 593 F.3d 990, 1000 (9th Cir. 2010) (quoting *United States v. Zolp*, 479 F.3d 715, 718 (9th Cir. 2007)), *overruled in part on other grounds by United States v. Miller*, 953 F.3d 1095, 1103 n. 10 (9th Cir. 2020)).

Here, the enhancements resulted in an extremely disproportionate sentence, but in a prior appeal of this case, our court stated that "sentencing determinations relating to the extent of a criminal conspiracy need not be established by clear and convincing evidence." *United States v. Barragan*, 871 F.3d 689 (9th Cir. 2017) (quoting *Treadwell*, 593 F.3d at 1001). This rule controls—despite what the majority suggests in dicta—because the factual findings that supported Gutierrez's enhancements related to the extent of the criminal conspiracy for which he was convicted.

The *Barragan* court also decided that the preponderance standard properly

applied to the findings supporting enhancements to Gutierrez's co-defendants' sentences—including those applied to the sentence of Pablo Franco, who was convicted of the same crime as Gutierrez yet received enhancements with a far more disproportionate effect than those applied to Gutierrez's sentence. 871 F.3d at 717–19. Since Gutierrez does not distinguish his circumstance from that of his co-defendant Pablo Franco, the district court properly applied the preponderance standard as required by the *Barragan* decision.

## III

Thus, I would affirm the district court's decision in its entirety.